**Stayton STRATMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41664.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 5, 1969.

---

[1]. Report of the National Advisory Committee on Civil Disorders, Dutton & Co., 13th printing, page 84.

Will Gray, Houston, (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joe Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., of Austin, for the State.

## OPINION

WOODLEY, Presiding Justice.

The offense is passing as true a forged instrument in writing; the punishment, enhanced by two prior convictions for a felony less than capital, life. (Art. 63 Vernon's Ann.P.C.)

Trial by jury was waived in the manner authorized by Art. 1.13 Vernon's Ann.C.C. P., and a plea of not guilty was entered.

The court conducted a bifurcated trial such as is required by Art. 37.07 C.C.P., 1965, as amended in 1967 (Art. 37.07 V.A. C.C.P.) in certain cases tried before a jury on a plea of not guilty.

Appellant testified as a witness in his own behalf and on cross-examination was asked and answered:

"Q. All right, and have you been convicted of a felony in this state within the past ten years?

"A. Yes Sir, I have.

"Q. How many times?

"A. Three times I have been convicted."

After hearing argument of counsel the court announced that each side had the opportunity to reopen for the purpose of putting on testimony they desired to put on for the court's consideration on the punishment. Counsel for the state then read the portion of the indictment alleging a prior conviction for felony theft in Cause No. 83452 in Criminal District Court No. 2, Harris County, on the 18th day of April 1958, and a conviction for assault to murder; committed after the conviction for felony theft had become final, in Cause No. 107394 in Criminal District Court No. 5 of Harris County, Texas on November 22, 1963.

Appellant was then called by the state, over objection of his counsel: "On the issue of punishment, Your Honor, which I understand this to be, I object to him being called. He could be called back for further cross-examination if we were still on the case on its merits but to call him originally on the issue of punishment by the State, I object to it."

Being interrogated by counsel for the state, appellant identified the record introduced in evidence as State's Exhibit 2 as the record of his first conviction, and

identified the record introduced as State's Exhibit 3 as the record of his conviction for assault to murder, committed "sometime in 1963."

In his two grounds of error set forth in his brief appellant contends that he was not called for further cross-examination but as an adverse witness at another and separate hearing (on punishment) and compelled to incriminate himself in violation of his rights under the due process and equal protection clauses of the Constitution of the United States.

We first direct attention to the fact that the statutes, Art. 37.07, supra, and Art. 36.01 V.A.C.C.P., relate to jury trials, and there is no statute requiring a separate hearing on punishment in a trial before the court.

Attention is also directed to the fact that had all of appellant's testimony elicited by counsel for the state been elicited on cross-examination for impeachment purposes, there would have been no reversible error.

We do not agree that appellant was called as an adverse witness at a separate trial rather than for further examination by the state regarding the prior convictions, and his identity as the defendant so convicted.

We note further that, contrary to appellant's contention, the records introduced by the state were alone sufficient to show that the 1963 conviction for assault to murder was for an offense committed after the 1958 conviction had become final (by the issuance of mandate by this court on March 25, 1960).

This is true by reason of the fact that the indictment in Cause 107394 charging the offense of assault with intent to murder on or about August 7, 1963, was returned October 19, 1963. The period of limitation applicable to prosecution for assault with intent to murder being 3 years (Art. 12.04 V.A.C.C.P.) any such offense

committed prior to October 19, 1960, would have been barred by limitation. Wilson v. State, Tex.Cr.App., 398 S.W.2d 291. Cf. Garay v. State, Tex.Cr.App., 389 S.W.2d 952, and cases cited.

Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781, sustains our conclusion that the court did not err in permitting the state to further examine appellant in regard to his prior convictions.

The judgment is affirmed.