Thomas Joseph NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 0068–85.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1989.

William Magnussen and Richard Alley, on appeal only, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David L. Richards, Asst. Dist. Attys., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The offense is indecency with a child; a jury found appellant guilty as charged and assessed punishment at a term of confinement in the Texas Department of Corrections.

The single issue before the Court involves testimony of appellant as to his prior convictions given in a preliminary hearing out of hearing of the jury during the guilt/innocence stage of trial; it was held to enable the trial judge to determine admissibility for purpose of impeaching his defensive testimony to the jury. See Tex. Cr.R.Evid. Rule 104. Finding they were too remote the trial court ruled out the evidence. However, over objection, at punishment it allowed the State to present the testimony through the court reporter reading her notes.

The court of appeals expressly noted appellant's objections to admitting his earlier testimony; finding that only one of those objections had been raised on appeal, the court addressed it headon, and found it without merit. *Nelson v. State* (Tex.App. —Fort Worth No. 2–83–315–CR, delivered November 21, 1984), at 3–5.

In his petition appellant specifically advanced reasons for review stated in former rule 302(c)(1), (2), (3) and (6). The State responded, *inter alia*, that appellant had not shown a valid reason for further review and "given the applicability of the *Chavez* decision [*Chavez v. State*, 508 S.W.2d 384, 386 (Tex.Cr.App.1974)], no further review of Appellant's complaint is necessary." We determined otherwise, satisfied that petition and response presented an important question of law for the Court to resolve, so we granted review of the first ground, *viz*:

"The Court of Appeals erred in permitting appellant's testimony from a hearing outside the jury's presence at the guilt-innocence phase of the trial to be introduced at the punishment phase of appellant's trial before the jury."

In due course briefs were filed by the parties pursuant to rule 306, and the cause was set for submission on oral argument. In both, appellant relied in part on *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App. 1969), whereas the State adhered to *Chavez v. State*, supra. Indeed, in its brief the State says "the issue presented" is:

"Should this Court's decision in *Chavez v. State* ... also have application to cases where the State introduces the transcript of testimony given by a defendant at the guilt/innocence stage at the punishment stage of the trial?"

Thus the central issue was joined in this Court.

According to the opinion below, appellant's objection was that "it would be improper to allow the introduction at the punishment phase of *testimony which was elicited for the limited purpose* of determining whether the convictions were admissible," *Nelson* supra, at 3, and the point of error complained that the evidence "resulted from *hearings which were held for a limited purpose*," *id.*, at 4.[1] The Fort Worth Court found appellant "took the stand voluntarily ... and there is nothing in the record to show he was on the stand for a limited purpose," *ibid.*[2] It then articulated the basis for its resolution of the issue thus framed by it, *viz*:

"The Court of Criminal Appeals has uniformly held that an accused, taking the stand on his own behalf, waives the privilege against self-incrimination so that his testimony may be used against him at a subsequent trial of the same case. *Chavez v. State*, 508 S.W.2d 384, 386 (Tex.Crim.App.1974). We *HOLD* the

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise noted.

2. In PDR and brief appellant states this voir dire examination was conducted on request of the State; in its brief the State says the issue concerns its "use of testimony taken out of the presence of the jury during the guilt/innocence stage[;]" the State asked all questions and appellant answered manifestly for the "limited purpose" of informing the court on admissibility as impeaching his credibility.

rule also applies *in this case to the two separate phases of the trial.* . . . The prior convictions were admissible, absent any objection as to the best evidence of the convictions, and were *properly admitted through Nelson's prior testimony before the court.* The first ground of error is overruled."

Facially that plain holding is "the reason for such decision," Article 44.24(c), V.A.C. C.P. (repealed). Accordingly, the issue raised by the first ground for review is properly before this Court. The problem is whether the *holding* below is correct. Therefore, we turn to the merits, and for other reasons will conclude judgments must be reversed.

At the outset, to be observed is that appellant relies heavily on *inter alia* the opinion on rehearing in *Brumfield v. State,* 445 S.W.2d 732, at 734 (Tex.Cr.App.1969); in part on *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), along with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). However, upon close examination and evaluation, we believe the "limited purpose" doctrine of *Simmons* and like decisions, state and federal, may well be inapposite here.

In *Simmons,* the Supreme Court reasoned that "an undeniable tension is created" when an accused must give up a "benefit" by refusing to testify to gain a "benefit" afforded by another provision of the Bill of Rights; thus its concern "that one constitutional right should have to be surrendered in order to assert another" led the Supreme Court to rule out use of certain testimony of an accused, *viz:*

"... We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony, may not thereafter be admitted against him on the issue of guilt unless he makes no objection."

*Id.,* 390 U.S., at 394, 88 S.Ct., at 976.

The "limited purpose" doctrine of *Simmons* and others was formulated so that an accused is not required to surrender one constitutional right in order to gain the benefit of another.

■ A hearing held outside presence of a jury by the trial judge, as recommended by Tex.R.Cr.Evid. Rule 103(c), to determine admissibility of testimony proposed to be extracted from an accused on crossexamination, is not *ipso facto* a "limited purpose" hearing in the constitutional sense of *Simmons* and progeny. For this Court or any other appellate court to find that testimony adduced at any hearing held outside the presence of the jury was given solely for apparent purpose of the hearing, and no other, will not necessarily make that testimony forever immune from adverse use against an accused.

Once he voluntarily takes the stand before a jury to testify in his own defense, that an accused has waived his privilege against selfincrimination is settled. See, e.g., *Myre v. State,* 545 S.W.2d 820, 825 (Tex.Cr.App.1977). Granting that proposition, because the Court did so in *Brumfield,* appellant would have the Court reinstate the privilege at a punishment hearing, *viz:*

"By offering the testimony of Appellant through the court reporter in legal effect the State called the Appellant as a witness against himself at the punishment phase over his objection. * * * * [Caselaw establishes] that the accused can take the stand and testify for a limited purpose, whether the limited purpose is stated or not. . . . The Court of Appeals clearly erred in failing to reverse the conviction . . . for the violation at the punishment phase of the Appellant's privilege against self-incrimination." Brief, at 14.

But, unlike *Brumfield* where the State was permitted to "recall" accused and, over his protest, to "compel" him to testify, appellant leaves unclear the reason there is no waiver in this cause.

Impunity for such an accused who testifies on voir dire examination during the course of the guilt stage must depend upon more than a conclusion that his testimony was given at a hearing limited in purpose; upon more than saying that calling the

court reporter to prove up testimony of appellant in the voir dire examination constitutes the functional equivalent of recalling the appellant to testify at the punishment stage; upon more than the right of defendant to choose not to testify at the punishment stage of his trial. There is more.

"... At this point in the development of our adversary system, it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and testify in his or her own defense."

*Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987). As the Supreme Court confirms, that right is vouchsafed in several provisions of the Constitution of the United States: Due Process Clause of the Fourteenth Amendment; Compulsory Process Clause of the Sixth Amendment; a necessary corollary to the guarantee in the Fifth Amendment against compelled testimony. *Id.,* at ——, 107 S.Ct., at 2707–2708.

Similarly, Article I, § 10 of our own Bill of Rights specifically secures the right of a criminally accused to be heard; the right is logically included in the provision for compulsory process, and is also derived from privilege against giving evidence against oneself; the declaration of § 19, that no citizen shall be deprived of liberty except by due course of law, embraces a right to testify in one's own defense.

■ "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." *Harris v. New York,* 401 U.S. 222, at 225, 91 S.Ct. 643, at 645, 28 L.Ed.2d 1 (1971). "The choice of whether to testify in one's own defense ... is an exercise of the constitutional privilege." *Id.,* at 230, 91 S.Ct., at 648. See *Rock v. Arkansas,* supra, at ——, 107 S.Ct., at 2710. However, under both the federal and state constitutions, once an accused chooses to testify, his exercise of the right is not without limitations, but is subject to such restrictions as are not "arbitrary and disproportionate to the purposes they are designed to serve." *Id.,* at ——, 107 S.Ct., at 2711.

■ Thus when an accused in a criminal case takes the stand as a witness, he may be impeached in the same manner as any other witness; however, *only his character as a witness is involved,* not his character as an accused. Ray, *Law of Evidence* § 643, 1 Texas Practice 571. His character as a witness is put in issue by taking the stand, but it may be impeached by using his "veracity-character" only, except to the extent that *"proof of conviction of crime is is permitted."* Ray, supra, § 649, *id.,* at 575. The fact of prior conviction may be proved through the witness himself—*providing the crime is not too remote.* Ray, supra, § 660, *id.,* at 599; see § 658, at 589 and Tex.R.Cr.Evid. Rule 609(a) and (b).

In the instant cause on specific objection by his counsel the trial judge determined the two convictions recounted by appellant through voir dire examination by the State are too remote, provoking a candid exchange with the prosecutor, *viz*:

THE COURT: Too remote, both of them.

MR. BALL: The court's ruling is we can't ask any of those questions in front of the Jury?

THE COURT: They'd reverse it if you did. That should not be the law because this man has got a bad background and it ought to be admissible. But I'm not on the Court of Criminal Appeals and I don't want to be.

Are you ready?

MR. BALL: We're ready.

In *Brumfield,* after revisiting the "limited purpose" doctrine of *Simmons* and followings, the Court contrasted "our former system of a unitary trial," whereby "when an accused voluntarily took the stand he subjected himself to any *legitimate* cross-examination within *the rules of evidence,"* *id.* at 735, with changes in the very structure of the system wrought by Article 37.-07, V.A.C.C.P., *id.,* at 737–741; from an interpretation that the latter provided "two separate proceedings" the Court reasoned that "a defendant's *waiver* of his privilege against self-incrimination by taking the stand at the guilt stage is *limited to that particular proceeding, id.,* at 741. Fur-

ther, it believed with a bifurcated trial system the Legislature did not intend "to make the decision of an accused as to taking the witness stand on the issue of guilt a more onerous one than it was under the former Code." Ibid. *Moreover, his earlier waiver of the privilege at the guilt stage* "did not include improper cross examination" *at the punishment phase.* Ibid.[3]

The central facts in *Brumfield* are that accused did not testify to any prior convictions during the guilt stage and, in the event, convictions about which he was compelled, over objection, to relate at punishment would have been inadmissible for impeachment at the guilt stage. Although they failed to find a common unifying rationale, all Judges participating in the cause agreed that because proof of historical facts of prior convictions was not admissible under rules of evidence in the first stage, appellant could not be compelled to testify to them in the second.

Here, appellant also testified on guilt, but the thrust of his defensive testimony before the jury was directed solely to refuting incriminatory testimony from the victim. During its crossexamination the State apparently made known to the trial judge that it purposed to explore prior convictions of appellant to impeach his credibility, and requested a hearing to that end outside the presence of the jury—consonant with accepted practice for determining such preliminary questions of admissibility of evidence by the trial judge. *Lego v. Twomey,* 404 U.S. 477, at 490, 92 S.Ct. 619, at 627, 30 L.Ed.2d 618 (1972); *Ray,* supra, at § 2, id.,

at 3. His testimony of historical facts required of him on voir dire examination by the prosecution was inadmissible for its intended purpose; the trial judge sustained his objection, the testimony was not presented to the jury before it returned its verdict of guilt.

Thus while appellant waived his privilege by taking the stand and testifying before the jury, he did not waive the right held in common with all other witnesses to invoke any statute or rule to exclude use of inadmissible evidence against him. As the Court said in a slightly altered context, "His waiver of the self-incrimination privilege did not include improper cross-examination." *Brumfield,* supra, at 741. Herein lies a crucial distinction making *Chavez v. State,* supra, inapposite.

■ Accordingly, we hold that an accused testifying before a jury on the issue of guilt retains the right to reclaim his privilege to exclude any testimony given by him in a hearing conducted by the trial judge outside the presence of the jury in order to hear voir dire examination by the State to determine admissibility of his own testimony the State proposes to offer against accused, and the trial court rules his testimony inadmissible for its intended purpose and withholds it from the jury. See Tex.R.Cr.Evid., Rule 104(d).[4]

If an appellant may not be "recalled" by the State to testify as to his prior criminal record, the only remaining question is whether presentation of his excluded testimony in some other manner or form be-

---

3. The leading opinion by Presiding Judge Onion was supported by the late Judge Morrison; former Presiding Judge Woodley, joined by Judge Belcher, concurred by expressing a view that is germane here, *viz:*

> [T]he defendant was recalled for further cross-examination at the hearing on punishment and testimony was elicited from him which was *not* admissible and could not have been legally elicited from him or any other witness at the hearing on guilt or innocence, though it was admissible evidence at the punishment hearing.
>
> We properly held on original submission that it was error to permit the state to recall the defendant and require him to give such testimony.

*Id.,* at 742 (emphasis by Judge Woodley).

Because testimony of appellant as to his prior convictions was properly excluded by Judge Gray, we need not concern ourselves about an implied suggestion by Judge Woodley that the result would be different had testimony elicited from accused on voir dire examination been admissible at the guilt stage.

4. Rule 104. Preliminary questions.

  \*    \*    \*    \*    \*    \*

  (d) Testimony by accused out of the hearing of the jury. The accused does not, by testifying upon a preliminary matter out of the hearing of the jury, subject himself to cross-examination as to other issues in the case.

comes admissible at the punishment phase over his objection that his testimony had been elicited for the limited purpose of determining whether prior convictions were admissible to impugn his credibility as a witness at the guilt stage.

■ On that question, we hold that once a defendant reclaims his privilege to exclude his testimony previously ruled inadmissible for its intended purpose and withheld from the jury on the issue of guilt, then regardless of the manner or form by which the State makes its proffer, the testimony retains its privileged status and must be excluded.

■ On those holdings, therefore, we reverse the judgments of the Fort Worth Court of Appeals and of the trial court, and remand the cause to the trial court.

TEAGUE, J., concurred and filed opinion in which MILLER, J., joined.

TEAGUE, Judge, concurring.

My notes reflect that on July 17, 1985, at least four members of this Court voted to grant the petition for discretionary review that was filed on behalf of Thomas Joseph Nelson, henceforth appellant, solely to resolve the apparent conflict between this Court's decisions of *Chavez v. State,* 508 S.W.2d 384 (Tex.Cr.App.1974), and *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App. 1969).

For reasons that I will give, I find that there is no conflict between *Chavez,* supra, and *Brumfield,* supra, and that the "spirit" of *Brumfield,* supra, mandates that this Court reverse the judgments of the court of appeals and the trial court. The majority opinion does just that. Therefore, I concur in the result that the majority opinion reaches.

The majority opinion states the following: "For this Court or any other appellate court to find that *testimony adduced at any hearing held outside the presence of the jury's presence was given solely for apparent purpose of the hearing, and no other, will not necessarily make that testimony forever immune from adverse use against an accused.*" (At p. 403.) (Emphasis supplied.) I assume by this statement that the majority opinion means that a defendant who testifies during such a hearing can, through various ways such as "opening the door" or failing to object, waive any complaint about the later introduction into evidence of his testimony. The majority opinion later holds: "[A]n accused testifying before a jury on the issue of guilt retains the right to reclaim his privilege to exclude any testimony given by him in a hearing conducted by the trial judge outside the presence of the jury in order to hear voir dire testimony the State proposes to offer against accused, and the trial court rules his testimony inadmissible for its intended purpose and withholds it from the jury. See Tex.R.Cr.Evid., Rule 104(d)." (Footnote 4 deleted.) To me, the former statement appears to be a qualified statement, without stating what the qualifications are, whereas the latter does not have any qualifications. Nevertheless, I wholeheartedly agree with the holding that the majority opinion makes.

As authority for its holding, the majority opinion appears to rely totally upon Rule 104(d), *Tex.R.Cr.Evid.,* which was copied from *Federal Rule 104(d).* Some of the "experts" on the latter inform us that "[t]he rule does not address questions of the subsequent use of testimony given by an accused at a hearing on a preliminary matter...." Rothstein, *Rules of Evidence for the United States Courts and Magistrates,* (Clark Boardman Company, Ltd.), at page 27. Also see Cotchett and Elkind, *Federal Courtroom Evidence* (Parker & Son Publications, Inc.), at page 20.

The "experts", however, appear to agree that *the purpose of the rule* is to encourage full participation by the accused in preliminary hearings, without fear that any testimony that the defendant gives during such a hearing will later be used against him. This comports with what this Court stated and held in, for example, *Franklin v. State,* 606 S.W.2d 818, 845 (Tex.Cr.App. 1979). Evidentiary rules, except those with respect to privileges, are inapplicable to preliminary hearings held outside the jury's presence. The accused who testifies at

such a hearing is subject to full cross-examination by the prosecuting attorney on the "preliminary matter". Weinstein and Berger, *Weinstein's Evidence Manual* (Matthew Bender), at § 3.01[04]. In the interest of fairness, and in the spirit of the rule, unless the accused fails to object or complain to the later offer of such testimony by the prosecution, the prosecution should not be permitted to use that testimony or evidence in a substantive manner; otherwise, to permit the later introduction of the defendant's testimony to be used as substantive evidence against him, when such testimony or evidence was given for a specific and limited purpose at the hearing, would clearly discourage, and not encourage, participation by the accused in preliminary hearings conducted outside of the jury's presence.

I pause to point out that conducting preliminary hearings outside of the jury's presence in order to determine the admissibility of evidence is not really a modern invention of our law. Such hearings have been held since time immemorial. It is only as a result of the "Warren Court" decisions such as *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968), and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); this Court's decisions of *Lopez v. State*, 384 S.W.2d 345 (Tex.Cr.App.1964); *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr. App.1969), and *Bosley v. State*, 414 S.W.2d 468 (Tex.Cr.App.1967); and the advent of the 1965 Code of Criminal Procedure, in particular see Art. 28.01, V.A.C.C.P., that preliminary hearings conducted outside the jury's presence have now been emphasized. See the discussion on this subject found in *Franklin*, supra. Also see *Myre v. State*, 545 S.W.2d 820, 825 (Tex.Cr.App.1977).

My research to date reveals that this case unquestionably does not nicely fit within the parameters of any prior decision of this Court or any other court that I can find. Thus, the majority opinion's lack of authority to support its holding is understandable.

The record of this cause reflects that during the guilt stage of the trial, when appellant was testifying on cross-examination in the jury's presence, the trial judge removed the jury and conducted a preliminary hearing outside of the jury's presence in order to make the sole determination whether the prosecuting attorney could impeach appellant during his cross-examination with criminal convictions that appellant had previously sustained. Appellant testified at the hearing concerning two criminal convictions that he had sustained; one in 1968 for the felony offense of carrying a concealed weapon and a court martial conviction in 1961 or 1962. There is nothing in the hearing that might reflect or indicate that the prosecution intended to later offer appellant's testimony into evidence at the punishment stage of the trial in the event he was found guilty by the jury, nor was appellant admonished that such might occur. After the hearing, the trial judge sustained appellant's objections, on the ground that his prior criminal convictions were too remote for impeachment purposes, and refused to permit the prosecuting attorney to impeach appellant with the prior criminal convictions. For a discussion on the subject of remoteness, see *McClendon v. State*, 509 S.W.2d 851, 854 (Tex.Cr.App.1974) (On appellant's motion for rehearing). Also see Rule 609(b), *Tex. R.Cr.Evid.* The record reflects that at no time thereafter did appellant waive his complaint that the State should not have been permitted to use the testimony that appellant gave at the hearing in order to establish appellant's prior criminal record at the punishment stage of the trial.

After appellant was found guilty, the trial judge conducted a punishment hearing. Appellant did not testify at this stage of his trial, as was his right. The trial judge, over objection, permitted the prosecuting attorney *to call the court reporter,* who took down the testimony that appellant gave at the above preliminary hearing about his prior criminal convictions, to testify. She then testified in the jury's presence about appellant's prior criminal convictions by reading the notes of appellant's testimony that she had taken at the preliminary hearing that was held during the guilt stage of the trial. There is nothing in the

record that might reflect or indicate that the State could not have proved up at the punishment stage of the trial appellant's prior criminal convictions through other means. See *Beck v. State,* 719 S.W.2d 205, 209–210 (Tex.Cr.App.1986), for a discussion of the many, many ways that the State might prove up a defendant's prior criminal record at the punishment stage of the trial without using the defendant's testimony. Also see Art. 37.07, V.A.C.C.P. As to the court martial conviction, if properly proved up, a court martial conviction is admissible pursuant to Art. 37.07, supra. See *Johnson v. State,* 432 S.W.2d 98, 100 (Tex.Cr. App.1968).

On direct appeal, the court of appeals relied upon *Chavez,* supra, as its authority to reject appellant's contention that his testimony that was given at the preliminary hearing at the guilt stage of his trial should not have been admitted at the punishment stage of his trial through the court reporter. However, it did not mention or discuss the applicability of *Brumfield,* supra, to the issue. See that court's unpublished opinion in *Nelson v. State,* Tex.App.–2nd, No. 2–83–315–CR, November 21, 1984.

*Brumfield v. State,* supra, held that a defendant who testifies at the guilt stage of a jury trial may not be recalled by the prosecuting attorney at the punishment stage of the trial. "The spirit, if not the letter of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 [1964], [also see *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1969)], would seem [to permit a defendant to testify at one stage of the trial but not the other in our bifurcated trial system]." (445 S.W.2d at 741).

In his petition for discretionary review, appellant repeated verbatim his "ground of error number one" in his "Ground for Review No. One (1)." In fact, I find that counsel for appellant's petition for discretionary review is nothing other than a xerox copy of his brief that he filed in the court of appeals when the cause was on direct appeal. The State, in its reply to appellant's petition for discretionary review, correctly asserted the following:

"Initially, the State notes that Appellant does not directly address the Court of Appeals opinion; but instead simply provides this Court with a word-for-word rendition of the written brief submitted to the lower court." (Page 4, State's Reply to the Petition for Review.) Of course, when this Court considers whether or not to grant a petition for discretionary review, its primary focus and attention at that time is upon the opinion of the particular court of appeals, to see if it correctly stated and applied the law to the facts of the case and to the issue that needed to be resolved. Therefore, I admonish any party who seeks to have this Court grant his or her petition for discretionary review that they should take this into consideration in carefully preparing the petition for discretionary review and the accompanying brief, if any.

Appellant's counsel in his brief before this Court argues, inter alia, that "The Court of Appeals clearly erred in failing to reverse the conviction and remand the cause for a new trial for the violation at the punishment phase of the Appellant's privilege against self-incrimination." (Page 14 of "Appellant's Brief on the Merits.") It appears to me that the majority opinion has substantively adopted virtually all of the State's arguments that are set out in the "State's Brief on the Merits", and because most of what the State argues in its brief can be found in the majority opinion I will not repeat those arguments.

The State, as does the majority opinion, appears to acknowledge that what occurred in this cause does not literally fit the factual situations found in *Chavez,* supra, or in *Brumfield,* supra. I agree. However, the "spirit", if not the letter, of *Brumfield,* supra, controls how the issue should be resolved.

In *Brumfield v. State,* supra, the defendant testified at the guilt stage of his jury trial in an intelligent, knowing, and voluntary manner. The opinion makes implicit the fact that the defendant had sustained several prior criminal convictions, but none of them were available for impeachment purposes because they did not involve either felony convictions or misdemeanor

convictions involving crimes of moral turpitude. Over objection, the State called the defendant to testify at the punishment stage of the trial, to prove up his prior criminal convictions for punishment purposes. See Art. 37.07, supra. On original submission, and also on State's motion for rehearing, this Court held that the State should not have, over objection, recalled the defendant to testify at the punishment stage of the trial "for further cross-examination", and ordered the trial court's judgment reversed and the cause remanded for a new trial. This Court held that a defendant in a criminal prosecution, though he may waive his right of self-incrimination at the guilt stage of the trial by testifying intelligently, knowingly, and voluntarily at that stage of the trial, may not be compelled to give evidence against himself at the punishment stage of the trial merely because he testified at the guilt stage.

In a real, though not literal sense, what happened to the defendant in *Brumfield*, supra, is actually what happened to the appellant in this cause, as the appellant in this cause was forced to testify against himself at the punishment stage of the trial through the mouth of the court reporter; i.e., when the court reporter testified at the punishment stage of the trial she merely repeated the testimonial evidence that appellant had given at the limited hearing that was held outside the jury's presence during the guilt stage of his trial on the admissibility of appellant's prior criminal convictions for impeachment purposes. As previously pointed out, the trial judge ruled after the hearing that the State could not impeach appellant with his prior criminal convictions because they were too remote.

Because the court of appeals relied upon this Court's decision of *Chavez*, supra, as its authority to reject appellant's contention, it is necessary to scrutinize what this Court stated and held in *Chavez*, supra.

The facts that are set out in *Chavez*, supra, reflect that the defendant was first tried and convicted on his plea of guilty to the then capital offense of rape in a non-bifurcated trial. The defendant testified at his trial, unsuccessfully attempting to cause the jury not to assess him the death penalty. This Court affirmed. See *Chavez v. State*, 408 S.W.2d 714 (Tex.Cr.App.1966). Subsequently, after finding that the trial judge's admonishments were insufficient under the law that then existed, this Court granted the defendant a new trial. See *Ex parte Chavez*, 482 S.W.2d 175 (Tex.Cr.App. 1972). The defendant was retried, but this time he pled not guilty and did not testify, after which the jury found him guilty of committing the offense of rape. The trial judge assessed his punishment at 60 years' confinement in the Department of Corrections. During the trial, the State was permitted over objection to introduce the defendant's testimony that he had given at his first trial. On appeal, this Court rejected the defendant's contention that the trial judge erred in admitting into evidence his testimony that he gave at his first trial, applying to appellant's contention the rule that "an accused who takes the stand waives the privilege [of self-incrimination], so that his testimony may be used against him at a subsequent trial of the same case." (336). The cases that this Court relied upon as its authority to reject the defendant's contention, however, are inapposite to the issue that was before this Court to resolve. Thus, *Chavez'* foundation resembles quick sand. In fact, a close reading of the authorities cited in *Chavez*, supra, makes it clear that virtually every single authority cited in *Chavez*, supra, only concerned the admissibility of *a defendant's confession* that was properly admitted into evidence at the defendant's first trial and then reoffered into evidence at his retrial. In rejecting the defendant's contention, this Court obviously made a poor analogy to the confession statute that was then extant. The law then provided that if the defendant intelligently, knowingly, and voluntarily gives a confession, such confession is admissible evidence even though the defendant does not testify at his trial. Cf. *Wooley v. State*, 64 S.W. 1054 (Tex.Cr.App. 1901). Thus, because the defendant's "confession" was properly admitted into evidence at his first trial, it became admissible at his retrial.

It is axiomatic that when a defendant testifies during the guilt stage of his trial he is on the stand for all purposes, i.e., he may be contradicted, impeached, discredited, made to give damaging and incriminating evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness who testifies, except when there are overriding constitutional or statutory prohibitions. *Brown v. State*, 617 S.W.2d 234, 236 (Tex.Cr.App. 1981). If a defendant is tried and convicted, during which trial he testifies, and he later receives a new trial and is retried, and he testifies at the retrial, his testimony at the first trial may be used to impeach him. However, the fact that a defendant chooses to testify at the guilt stage of his trial, but not at the punishment stage of his trial, does not constitute a waiver of his right not to testify at the latter stage of the trial. He still maintains that right. See *Brown v. State*, supra. That is what occurred in this cause. Conversely, if the defendant chooses not to testify at the guilt stage of the trial, but testifies at the punishment stage of the trial, he is to be treated as any other witness who testifies at that stage of the trial. Also see *Sweeten v. State*, 693 S.W.2d 454 (Tex.Cr.App.1985), where this Court held that even where a defendant testifies intelligently, knowingly, and voluntarily at the guilt stage of the trial he does not waive his claim of error to the erroneous admission of an illegally obtained confession into evidence by offering into evidence at that stage of his trial the exculpatory portions of the confession.

The facts of *Chavez*, supra, and the issue that was before the Court to resolve in that cause are clearly inapposite to the facts and the issue to be resolved in this cause, and the court of appeals erred in relying upon *Chavez*, supra, as its authority to reject appellant's contention.

The holding that was made in *Stratman v. State*, 436 S.W.2d 144 (Tex.Cr.App.1969), which had been decided by this Court before it decided *Brumfield*, supra, must be mentioned. In *Stratman*, supra, this Court held that *in a bench trial it was permissible for the State to recall the defendant to testify at the "punishment"*

*stage of his bifurcated trial.* Given this Court's later criticism of the holding that was made in *Stratman*, supra, whether *Stratman*, supra, should be cited, much less discussed, may be seriously questioned.

In *Walker v. State*, 555 S.W.2d 454 (Tex. Cr.App.1977), this Court questioned the continuing viability of the holding that was made in *Stratman*, supra: "We agree with the plurality's concern [as expressed in *Brumfield*, supra,] and would adopt a decision to overrule *Stratman* to the extent of any conflict." (457). In *Walker*, supra, the following was also pointed out: "The plurality in *Brumfield*, while agreeing that *Stratman* was correctly decided, did not agree that when a defendant takes the stand at the trial on the issue of guilt and the State fails to utilize certain convictions available to it for purposes of impeachment of the defendant's credibility as a witness in his own behalf, the State would then be permitted to recall the defendant at the penalty hearing and interrogate him about such convictions in order to prove his prior criminal record. The plurality [in *Brumfield*, supra,] was concerned that such a reading of *Stratman* would permit an extension of its holding to allow the recall of a defendant as a witness for the State if the evidence would have been admissible at the guilt stage for impeachment purposes." (457).

The "spirit" of *Brumfield*, supra, is clearly applicable to this cause, and that "spirit" has been applied by this Court in several of its more recent decisions.

In *Brown v. State*, supra, this Court held that where a request is made to the trial court to add to its charge at the punishment stage of the trial an instruction on the failure of the defendant to testify at that stage of the trial, and the trial judge refuses, such error is reversible error. In *Brown*, supra, this Court rejected the State's contention that because the trial judge had given such an instruction at the guilt stage of the trial this automatically carried over to the punishment stage of the trial.

I must reemphasize that we are not in this cause dealing with a retrial where evidence was freely, intelligently, knowingly, and voluntarily given by the defendant in the jury's presence at his first trial and that same evidence was admitted into evidence on retrial. In this instance, during the guilt stage of the trial the trial judge ordered a hearing to be conducted outside the presence of the jury in order to make the sole determination whether the prosecuting attorney could cross-examine appellant in the jury's presence about two criminal convictions that he had previously sustained. After conducting the hearing, which was clearly a "limited" hearing, the trial judge ruled that because of remoteness the prosecuting attorney would not be permitted to impeach appellant with those convictions in the presence of the jury. However, the State, at the later punishment hearing that was conducted after the jury had found appellant guilty of the alleged offense, over objection, introduced into evidence through the court reporter who recorded appellant's testimony at the hearing that was held outside the jury's presence the testimony that appellant had given at that hearing.

What happened in this cause is clearly the functional equivalent of the State recalling a defendant to testify at the punishment stage of the trial about his prior criminal convictions. To approve what happened in this cause would defeat if not outright banish from our law the "spirit" of *Brumfield,* supra, as well as virtually destroy the right of a defendant to actively participate in a hearing conducted outside the jury's presence that does not concern some federal constitutional claim or some state constitutional or statutory claim. Of course, if the trial judge in this cause had admonished appellant, prior to his testifying at the preliminary hearing, that any testimony that he gave at the hearing concerning his prior convictions would become admissible at the punishment stage of the trial, if any, then perhaps another question would be before this Court for it to answer. However, no such admonishment occurred in this cause.

The issue that is before us to resolve is not whether under Art. 37.07, supra, the State could have proved up by independent testimony appellant's prior criminal convictions at the punishment stage of his trial, because it is clear under our statutory and case law that it could have done just that. See *Beck v. State,* 719 S.W.2d 205, 209–211 (Tex.Cr.App.1986), which discusses the many, many ways that the State may establish a defendant's prior criminal record. The issue instead is whether the evidence about appellant's prior criminal convictions that was adduced at the hearing that was held outside the jury's presence, and that concerned the sole issue of whether appellant could be impeached in the presence of the jury with his prior criminal convictions, became admissible evidence at the punishment stage of the trial.

Presiding Judge Onion pointed out in *Brumfield,* supra, that our bifurcated trial system amounts to two trials with each stage serving different functions and purposes, with the consequences of error not necessarily related to the other. Also see *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr. App.1982). More important to the issue here is what Presiding Judge Onion pointed out in *Brumfield,* supra, on page 740 of his opinion for the Court:

> [W]here the defendant has taken the stand at the guilt stage of the proceedings *and any part of his prior criminal record is properly used for impeachment or is otherwise legally introduced,* the same need not be re-introduced at the hearing on punishment. Such evidence may be properly considered by the judge or jury assessing the penalty. (My emphasis.)

I believe that what the above statement means is that it is only when the jury has heard evidence that was ruled admissible by the trial judge that it may consider such evidence at the punishment stage of the trial. In this instance, the jury did not hear about appellant's prior criminal convictions at the guilt stage of his trial.

Presiding Judge Onion further pointed out the following in *Brumfield,* supra:

**412**

If Article 37.07, V.A.C.C.P., can be interpreted as providing two separate proceedings then it follows that a defendant's waiver of his privilege against self-incrimination by taking the stand at the guilt stage is limited to that particular proceeding ... And if this is so the court erred in permitting the State to recall the appellant for further cross-examination at the penalty stage. The mere finding of guilt does not terminate the privilege against self-incrimination. As earlier noted, the privilege ceases only when liability to punishment no longer exists. (445 S.W.2d at 741).

Also see *Ex parte Augusta,* supra.

In sum, what the State was permitted to do in this cause was the functional equivalent of recalling the appellant to testify over his objection at the punishment stage of the trial. The trial court clearly erred in permitting this to occur. *Brumfield,* supra; *Brown,* supra.

The "spirit" of *Brumfield,* supra, *Simmons,* supra, and *Jackson v. Denno,* supra, and other such cases "would seem to require no less" than that the State could not recall appellant to testify at the punishment stage of his trial. In this instance, the State was erroneously permitted to do indirectly what this Court held in *Brumfield,* supra, that it could not do directly. E.G., *Montoya v. State,* 744 S.W.2d 15, 34 (Tex.Cr.App.1987), and *Ex parte Augusta,* supra. Compare *Johnson v. State,* 704 S.W.2d 139 (Tex.App. 9th 1986) (State's P.D.R. refused). But see *Walker v. State,* 555 S.W.2d 454, 457. Also see *Moss v. State,* 632 S.W.2d 344 (Tex.Cr.App.1982); *Stewart v. State,* 666 S.W.2d 548, 549 (Tex. App. 5th 1984) (State's P.D.R. refused); *Pierson v. State,* 689 S.W.2d 481, 483 (Tex. App. 14th 1985) (State's P.D.R. refused).

Therefore, I concur in the result that the majority opinion reaches, that the trial judge reversibly erred in admitting into evidence at the punishment stage of the trial through the court reporter the testimony that appellant had given at the hearing that was conducted outside of the jury's presence during the guilt stage of the trial.

MILLER, J., joins this opinion.