NO. 07-06-0294-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 16, 2007


 ______________________________



PAUL MICHAEL BENZ, APPELLANT



V.



TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW OF GILLESPIE COUNTY;



NO. 1115; HONORABLE MARK STROEHER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 On May 5, 2006, appellant Paul Michael Benz filed his notice of appeal. The appeal
was transferred to this Court on July 19, 2006. 

 By letter dated November 3, 2006, we notified appellant that he had failed to file his
brief or a motion for extension of time by the October 25, 2006 deadline and noted that
"unless the brief, or a response reasonably explaining appellant's failure to file its brief,
together with a showing that appellee has not been significantly injured due to such failure,
is received on or before Monday, November 13, 2006, the appeal will be subject to
dismissal for want of prosecution." TEX. R. APP. P. 38.8(a).

 In response to this Court's letter, appellant filed a motion for extension of time to file
appellant's brief. By letter dated November 16, 2006, we granted appellant's motion and
extended the deadline to file his brief to December 28, 2006. On January 3, 2007,
appellant filed another motion for extension of time to file appellant's brief. By letter dated
January 5, 2007, we granted appellant's motion and extended the deadline to file his brief
to January 26, 2007, "with the admonition that additional extensions will not be granted
absent extreme and unusual circumstances." 

 No brief or further motion for extension of time to file appellant's brief has been
received. Accordingly, notice having been given to all parties, we now dismiss the appeal
for want of prosecution. TEX. R. APP. P. 38.8(a)(1); 42.3.


 James T. Campbell 

 Justice




 



se counsel, appellant again took the
stand in his own defense. The written statements given to police, the testimony from the
revocation hearing, and the testimony appellant gave at trial were consistent. Appellant
stated that he broke into the home with the intent to steal, but denied any intent to commit
sexual assault. He claimed he engaged in consensual sex with the victim, but confirmed
a prior awareness of the victim's mental retardation. 

 By his first issue, appellant contends the trial court erred in admitting a portion of his
testimony given during the prior revocation proceeding in violation of his right against self-incrimination, irrespective of his taking the stand during the revocation proceeding. 
Appellant contends his prior testimony at the revocation hearing was inadmissible at trial
for any purpose. We disagree.

 A timely and reasonably specific objection is required to preserve error for appellate
review. Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994),
cert. denied, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged
error relates to the admission of evidence, a timely objection must be made stating the
specific ground of objection. Tex. R. Evid. 103(a)(1); Higgins v. State, 924 S.W.2d 739,
745 (Tex.App.-Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport
with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App.
1996), cert. denied, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Appellant
objected to the admission of his testimony at the probation revocation hearing on the
grounds that it was hearsay and violated his right against self-incrimination, but his 
objections were overruled. Here, he contends the trial court erred by admitting the
testimony from the probation revocation proceeding as an exception to the hearsay rule
under Rule 801(e)(2)(A) of the Texas Rules of Evidence without considering the
implications of admitting such testimony upon his right against self-incrimination contained
in the United States and Texas Constitutions. It is uncertain from his argument whether
appellant contests admissibility as an exception to the hearsay rule applying a balancing-test weighed against Fifth Amendment implications, or simply presents two separate
objections from the trial court by one hybrid issue. In the interest of justice, we will
consider each possibility.

 Hearsay is defined as an oral or written "statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted." Tex. R. Evid. 801(d); Garcia v. State, 868 S.W.2d 337, 339 (Tex.Cr.App.
1993). Rule 802 provides that "hearsay is not admissible except as provided by statute or
these rules." However, Rule 801(e)(2)(A) provides that a criminal defendant's own
statements, when being offered against him, are not hearsay. Tex. R. Evid. 801(e)(2)(A);
Trevino v. State, 991 S.W.2d 849, 853 (Tex.Cr.App. 1999). A party's own statements are
not hearsay and they are admissible on the theory that a party is estopped from
challenging the fundamental reliability or trustworthiness of his own statements. Trevino,
991 S.W.2d at 853. The rule recognizes that the out-of-court statements of a party differ
from the out-of-court statements of non-parties and raise different evidentiary concerns. 
Id. Here, the statements offered at trial against appellant were taken from his own sworn
testimony given at a prior proceeding and were therefore a hearsay exclusion; thus, the
trial court did not err in overruling appellant's hearsay objection.

 However, not all statements of a criminal defendant are admissible. For example, 
a statement may not be used as evidence against a defendant unless it was voluntarily
made and free from coercion. See Smith v. State, 547 S.W.2d 6, 8 (Tex.Cr.App. 1977). 
Also, a statement may be admissible for a limited purpose. See Braggs v. State, 951
S.W.2d 877, 883 (Tex.App.--Texarkana 1997, pet. ref'd). A defendant's own statement
may be admissible at one phase of a proceeding, but not be admissible during the
guilt/innocence phase. See Nelson v. State, 765 S.W.2d 401, 403 (Tex.Cr.App. 1989). 
In addition, when testimony is given for a limited purpose such as a suppression hearing,
it may not thereafter be admitted against the defendant at trial on the issue of guilt. 
Brumfield v. State, 445 S.W.2d 732, 737 (Tex.Cr.App. 1969). However, none of these
instances of non-admissibility apply here.

 The Fifth Amendment privilege against self-incrimination, which is binding upon the
states through the Fourteenth Amendment, provides in part: "[n]o person . . . shall be
compelled in any criminal case to be a witness against himself. . . ." U.S. Const. amend.
V; Reese v. State, 877 S.W.2d 328, 335 (Tex.Cr.App. 1994). A concurrent right exists
under the Texas Constitution. Tex. Const. art. I, §10. It is axiomatic that the right against
self-incrimination is to prohibit compulsion of testimony which may expose a person to
criminal prosecution. Reese, 877 S.W.2d at 335.

 However, a criminal defendant's right to not give evidence against himself is subject
to waiver if done knowingly, voluntarily, and intelligently, and might be done by conscious
decisions of trial strategy. See Brown v. State, 617 S.W.2d 234, 236 (Tex.Cr.App. 1981); 
Taylor v. State 474 S.W.2d 207, 211 (Tex.Cr.App. 1971). When a criminal defendant
voluntarily takes the stand to testify in his own defense, he waives his privilege against self-incrimination. See Nelson, 765 S.W.2d at 403.

 Appellant cites Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d
424 (1999), Carroll v. State, 42 S.W.3d 129 (Tex.Cr.App. 2001), and Crosson v. State, 36
S.W.3d 642 (Tex.App.-Houston [1st Dist.] 2000, no pet.) in support of his argument that
the trial court's decision to admit his prior testimony over counsel's objection violated his
right against self-incrimination; however, as the State correctly points out, the cases upon
which appellant relies are distinguishable from the instant case. Appellant does not cite
any cases that involve the admission of testimony from a prior revocation hearing where
a defendant voluntarily testified on his own behalf and we have found none.

 Appellant does not contend that his testimony at the probation revocation hearing
was offered for a limited purpose or was either involuntary or coerced. To the contrary, the
reporter's record of the underlying proceeding demonstrates that the testimony was given
by appellant while under direct examination by his own counsel. Accordingly, appellant
waived his privilege against self-incrimination when he took the stand to testify in his own
defense at the probation revocation hearing. Appellant's first issue is overruled.

 By his second issue, appellant contends the trial court erred in refusing to submit
to the jury a charge on the lesser included offense of sexual assault. To determine if a
defendant is entitled to a lesser included offense instruction, a two prong test applies: (1)
the lesser included offense must be included within the proof necessary to establish the
offense charged, and (2) some evidence must exist in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the lesser included
offense. Lofton v. State, 45 S.W.3d 649, 651 (Tex.Cr.App. 2001). A defendant's own
testimony that he committed no offense, or testimony which otherwise shows that no
offense occurred at all, is not adequate to raise the issue of a lesser included offense. Id. 
at 652. However, if a defendant either presents evidence that he committed no offense
or presents no evidence, and there is no evidence otherwise showing that he is guilty only
of a lesser included offense, then a charge on a lesser included offense is not required. 
Bignall v. State, 887 S.W.2d 21, 24 (Tex.Cr.App. 1994). The evidence must establish that
if a defendant is guilty, he is guilty only of the lesser included offense. Lofton, 45 S.W.3d
at 652.

 Appellant was charged with burglary of a habitation with the commission of a sexual
assault. During trial, appellant testified that when he broke into the habitation, he "went in
to steal something . . . ." He also testified that the victim consented to sexual relations. 
By his testimony that the sexual relations were consensual, appellant effectively denied the
commission of the lesser included offense, thereby precluding any possibility of a finding 
of the lesser included offense. Therefore he was not entitled to an instruction on the lesser
included offense of sexual assault. Appellant's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Publish.
1. The victim suffers from mental retardation and at the time of trial was 21 years old.