

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-0354-12
---

### STATE OF TEXAS

#### v.

### CARL ALAN BENNETT, Appellee

---
### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY
---

**COCHRAN, J., filed a concurring opinion.**

### O P I N I O N

I agree with the majority that defense counsel was not ineffective for failing to raise a limitations claim at trial. I also agree with the court of appeals that the law is "unsettled as to whether the two-year statute of limitations applies to aggravated assault."[1] Defense

---

[1] *State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, at *4 (Tex. App.–Dallas Jan. 4, 2012) (not designated for publication).

counsel believed that the "catch-all" provision of Article 12.01(7)[2] applies to aggravated assault and therefore the statute of limitations is three years from the date of the offense. I agree with defense counsel, but only the Texas Legislature can finally and firmly resolve this quandary because Article 12.03(d) does appear to contradict Article 12.01(7). There is an easy legislative fix: Change the title of "aggravated" assault and "aggravated" perjury to "felony" assault and "felony" perjury. Then the statute of limitations for both offenses is plainly and unambiguously three years.

## I.

The history of Texas statutes of limitations on various assaultive offenses is not particularly illuminating on the present issue. The 1879 Penal Code divided all offenses into either misdemeanors or felonies.[3] Felonies were defined as those offenses punishable by either death or imprisonment in the penitentiary; everything else was a misdemeanor.[4] Simple assaults were classified as misdemeanors under the 1879 Penal Code because the punishment was limited to a fine of between five and twenty-five dollars.[5] An assault

---

[2] TEX. CODE CRIM. PROC. art. 12.01. Article 12.01(7) reads,
Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward: . . . (7) three years from the date of the commission of the offense: all other felonies.

[3] TEX. PENAL CODE art. 53 (1879) ("Offenses are divided into felonies and misdemeanors.").

[4] *Id*. art. 54 ("Every offense which is punishable by death or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; every other offense is a misdemeanor.").

[5] *Id*. art. 495 (1879) ("The punishment for a simple assault, or for assault and battery, unattended with circumstances of aggravations, shall be a fine not less than five nor more than

became aggravated whenever it was committed under any of a wide variety of circumstances,[6] and those aggravated assaults were still misdemeanors, but were subject to possible imprisonment in the county jail (not the penitentiary) for up to two years.[7] Article 497 noted that, "[t]he circumstances of aggravation mentioned in the preceding article are of differing degrees, and the jury are to consider these circumstances in forming their verdict and assessing the punishment."[8] The 1879 Penal Code also set out the felony offense of "assault with intent to commit some other offense,"[9] which was subject to the felony three-

_____

twenty-five dollars.").

[6] *Id*. art. 496. Those statutory aggravating circumstances included (1) assault on a peace officer; (2) assault in a court or place of religious worship; (3) assault committed in another person's home; (4) assault "committed by a person of robust health or strength upon one who is aged or decrepit"; (5) assault committed by a man upon a woman or child or by a woman upon a child; (6) assault using a whip or cowhide; (7) assault resulting in serious bodily injury; (8) assault with a deadly weapon (but without the intent to maim or murder); (9) premeditated assault using means "calculated to inflict great bodily injury"; and (10) assault committed while "in disguise."

[7] *Id.* art. 498 ("The punishment for an aggravated assault or battery shall be a fine not less than twenty-five nor more than one thousands dollars, or imprisonment in the county jail not less than one month nor more than two years, or by both fine and imprisonment."); *see, e.g., Davis v. State*, 6 Tex. App. 133, at \*4 (Tex. Ct. App. 1879) (statute of limitations for misdemeanor offense of aggravated assault on a female was two years).

[8] *Id.* art. 497.

[9] *Id.* arts. 499-506. Those "other" offenses included assault with the intent to maim, with the intent to murder, with the intent to rape, with the intent to rob, or assault in an attempt to commit burglary. *Id.* For example, in *Moore v. State*, 20 Tex. App. 275 (Tex. Ct. App. 1886), the Court of Appeals noted that the statute of limitations for assault with intent to commit rape was three years because it fell into the catch-all "all other felonies" category, even though the statute of limitations for a completed rape was only one year. *Id.* at \*4. The court explained,

> The fact that we cannot see the reason of the rule in such cases cannot render those rules of limitation nugatory, and the maxim that where the reason of the rule fails the law ceases to operate does not apply to limitations. The one year's limitation having been expressly restricted to the offense of rape cannot control the minor degrees of

year statute of limitations.[10]  So, up until 1974, a simple assault was a misdemeanor, an aggravated assault was an aggravated misdemeanor, and an assault with intent to commit another specified crime was a felony.  The first two, as misdemeanors, had a two-year statute of limitations, while the third, as a felony, had a three-year statute of limitations.[11]  The world of assaults was divided into two groups–misdemeanors and felonies–and the statute of limitations depended solely upon that categorization.

## II.

The 1974 Penal Code condensed the three categories of assaultive offenses into just two: simple assault, which is a misdemeanor, and aggravated assault, which is a felony.  The current Code of Criminal Procedure provision, Article 12.01, sets out the statute of limitations for various specified felonies and ends with a residual or "catch-all" provision that states that the statute of limitations for all unspecified felonies is three years.[12]  Article 12.02 then states that the statute of limitations for all misdemeanors is two years.[13]  Article

---

that crime, because the particular enumeration excludes offenses not enumerated, and, there being no special time fixed for the minor degrees, they would fall within the purview of the general statute of three years provided for "all other felonies." (Code Crim. Proc., art. 199).

*Id.*

[10] *Id.* arts. 499-505 (setting out various punishments of imprisonment in the penitentiary, with a minimum of two years up to a maximum of ten years for assault with intent to commit robbery).

[11] *See, e.g., Stratman v. State*, 436 S.W.2d 144, 146 (Tex. Crim. App. 1969) (felony offense of assault with intent to commit murder had three year statute of limitations).

[12] TEX. CODE CRIM. PROC. art. 12.01(7).

[13] TEX. CODE CRIM. PROC. art. 12.02.

12.03 deals with the various permutations of the primary offense that might be charged: aggravated offenses, attempts, conspiracies, solicitations, and organized criminal activity. In each case, the statute of limitations for the attempted offense, the conspiracy, the solicitation, or the aggravated offense follows that of the primary offense  as it was already categorized under Article 12.01 or 12.02.[14]   Thus, there is no statute of limitations for *attempted* murder, manslaughter, some sexual assaults, continuous sexual abuse of a child, or indecency with a child because the completed offense has no statute of limitations under Article 12.01(1).[15]  The statute of limitations for *attempted* assault is two years because assault is a misdemeanor and it has a two year statute of limitations under Article 12.02.[16] The statute of limitations for *conspiracy* to commit money laundering is seven years because the statute of limitations for the felony offense of money laundering is seven years under Article 12.01(3)(E).[17] The statute of limitations for *solicitation* of a felony is the same as that for the felony solicited.[18]   And the statute of limitations for aggravated offenses, unless specified elsewhere in Chapter 12, is the same as the primary offense.[19]

The rule of Article 12.03 would appear to be simple: categorize the charged offense

---

[14] *Id*. art. 12.03.

[15] *Id.* art. 12.03(a).

[16] *Id.*

[17] *Id.* art. 12.03(b).

[18] *Id.* art. 12.03(c).

[19] *Id.* art. 12.03(d).

as a felony or a misdemeanor.  If the charged offense is a felony look under the various

provisions of Article 12.01 to see if there is a special statute of limitations.  If not, then the

residual or "catch-all" provision of three years applies to all unspecified felonies.  If the

charged offense is a misdemeanor, then the statute of limitations is two years.  If the charged

offense falls in one of the "special circumstances" categories, the regular limitations period

for the offense applies.

In most instances, an "aggravated" offense elevates a felony offense to a more serious

felony offense–e.g., aggravated robbery, aggravated sexual assault, aggravated kidnapping.

But in some instances, the "aggravated" offense is a felony while the simple offense is a

misdemeanor, e.g. simple assault is a misdemeanor and aggravated assault is a felony; simple

perjury is a misdemeanor and aggravated perjury is a felony.  Did the Texas Legislature

intend that the aggravated offense–the felony–be governed by Article 12.01, the statute of

limitations for all felonies, or by the misdemeanor statute of limitations in Article 12.02?

That is the underlying question in this case.

Texas courts have, in the post-1974 era, simply assumed that the statute of limitations

for all misdemeanor assaults is two years and that the statute of limitations for aggravated or

felony assaults is three years.  In *Ex parte Salas*[20] we blithely noted that "[t]he statute of

---

[20] 724 S.W.2d 67 (Tex. Crim. App. 1987).

limitations for aggravated assault has long been three years[,]"[21] and in *Hunter v. State*[22] we stated that the State could prove that the charged offense "was committed at any time before the return of the indictment and within the statute of limitations for the offense of aggravated assault, a period of three years."[23]  In both cases, this Court assumed that there was no doubt on the issue at all: a felony aggravated assault fell into the three-year "catch-all" felony statute of limitations of Article 12.01.  Period.  The intermediate courts of appeals followed suit and all have simply stated, without further discussion or analysis, that the statute of limitations for the felony offense of aggravated assault is three years.[24]

But, in *Ex parte Matthews*,[25] this Court, again blithely, assumed that the statute of limitations for the felony offense of aggravated perjury was two years under Article 12.03(d) which reads:

Except as otherwise provided by this chapter, any offense that bears the title

---

[21] *Id.* at 68.

[22] 576 S.W.2d 395 (Tex. Crim. App. 1979).

[23] *Id*. at 399.

[24] *See, e.g., Monroe v. State*, 871 S.W.2d 801, 805 (Tex. App.–Houston [14th Dist.] 1994, no pet.) ("In this case the offense of aggravated assault has a three year period of limitation."); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.–Tyler 1985, no pet.) ("The statute of limitations for aggravated assault is three years."); *see also Gilmore v. State*, No. 14-97-00887-CR, 1999 WL 976499, at *9 (Tex. App.–Houston [14th Dist.] Oct. 28, 1999, no. pet.) (setting out jury instructions and defense counsel's argument that the statute of limitations for the offense of aggravated assault is three years).

[25] 933 S.W.2d 134 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

"aggravated" shall carry the same limitation period as the primary crime.[26]

And intermediate courts of appeals have followed *Matthews* in holding that the statute of limitations for the felony offense of aggravated perjury is two years.[27]

Clearly, one of these two lines of cases is wrong, but which one is it? As Professors Dix and Schmolesky have noted, Article 12.03(d) is in conflict with the residuary or "catch-all" provision of Article 12.01(7) in at least the two instances of aggravated assault and aggravated perjury because, in both, the "primary" offense is a misdemeanor, but the "aggravated" offense is a felony.[28] Professors Dix and Schmolesky would resolve the dilemma by saying that the "aggravated" offense statute is the more specific provision and thus trumps the more general residual provision of Article 12.01(7).[29]

But, in addressing an analogous situation, we held that the "aggregation" of numerous misdemeanor thefts into a single felony offense invokes the felony statute of limitations, not the misdemeanor two-year statute of limitations for the primary theft offenses.[30] As this Court explained, Section 31.09 (aggregated theft) "creates a separate offense and defines

---

[26] TEX. CODE CRIM. PROC. art. 12.03(d).

[27] *See, e.g., Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex. App.–Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001); *State v. Coleman*, 962 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex. App.–San Antonio 1997, no pet.).

[28] 40 GEORGE E. DIX & JOHN M. SCHMOLESKY, CRIMINAL PRACTICE AND PROCEDURE § 6:29 at 261-62 (Texas Practice 3rd ed. 2011).

[29] *Id.* at 261 (citing the Code Construction Act, TEX. GOV'T CODE § 311.026(b)).

[30] *Graves v. State*, 795 S.W.2d 185, 187 (Tex. Crim. App. 1990).

conduct for purposes of jurisdiction, punishment and period of limitations from prosecution."[31]  Is not the "aggregation" of misdemeanor thefts into a single felony offense logically the same as the "aggravation" of a misdemeanor assault into the felony offense? Is there some reason to think that the Legislature intended to treat an "aggregated" felony theft differently from an "aggravated" felony assault for purposes of jurisdiction or limitations?  I cannot think of any persuasive rationale for why the Legislature would declare that all felonies have, at a minimum, a three-year statute of limitations except for aggravated assault and aggravated perjury simply because of the title of those offenses.  Presumably, then, if the Legislature did nothing more than change the name of both of those offenses from "aggravated" assault or perjury to "felony" assault or perjury, the statute of limitations would clearly be three years as are all other "residual" felony offenses.  The Legislature could make its intention clear by either (1) changing the name of these two offenses, or (2) amending article 12.03(d) to explicitly note its application to these two felony offenses.[32]

At any rate, I agree that defense counsel in this case was not constitutionally deficient

---

[31] *Id.*

[32] Article 12.03(d) might be amended to read:
Except as otherwise provided by this chapter, any offense that bears the title "aggravated," *including aggravated assault and aggravated perjury,* shall carry the same limitation period as the primary crime.
Although there is an offense titled "Aggravated Promotion of Prostitution," that crime is so different from the offenses described in "Promotion of Prostitution" that it would seem peculiar to presume that the Legislature intended that this first or third degree "aggravated" offense have the same statute of limitations as the various limitations for the misdemeanor, state jail felony, or third degree felony offenses set out in "Promotion of Prostitution" offense.  Application of Article 12.03(d) would appear particularly inept here.

for believing that the statute of limitations for aggravated assault is, as we have blithely noted, three years and for therefore not filing a motion to quash the indictment.

Filed: November 27, 2013
Publish