Joe D. BRYAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 516–91.

Court of Criminal Appeals of Texas, En Banc.

June 10, 1992.

Rehearing Denied Sept. 30, 1992.

Charles M. McDonald, Lynn W. Malone, Waco, for appellant.

Andy J. McMullen, Dist. Atty., Hamilton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the murder of his wife. V.T.C.A. Penal Code § 19.02(a)(1). The jury also assessed his punishment at life imprisonment and a $10,000 fine. The court of appeals overruled appellant's five points of error and affirmed the judgment of the trial court. *Bryan v. State*, 804 S.W.2d 648 (Tex. App.—Eastland 1991).[1] We granted appellant's petition for discretionary review on two grounds for review, to-wit: that the court of appeals erred in upholding the trial court's admission of appellant's testimony from his previous trial, and that the court of appeals erred in upholding the prosecutor's jury argument was not an improper comment on appellant's failure to testify. We will affirm the judgment of the court of appeals.

Dealing with the second ground for review first, the facts of this case indicate appellant and his wife had been married sixteen years and were long-time residents of Clifton. While appellant was allegedly attending a convention at the Hyatt Regency Hotel in Austin, his wife was killed in their home by three gunshot wounds to her head and one to her stomach, all fired at very close range. The State's theory of the offense was that appellant left the hotel in the middle of the night, drove to his home in Clifton some two and one-half hours away, shot and killed his wife, and then returned to the hotel and attended convention activities the following morning. Although appellant cooperated with the police during their investigation and denied any participation in his wife's murder, circumstantial evidence eventually implicated him as the culprit.[2]

At his first trial, appellant waived his fifth amendment privilege against self-incrimination and testified on his own behalf. Prior to the commencement of appellant's second trial, the State filed a "Motion To Determine Admissibility Of Certain Evidence" indicating its intention to offer into evidence "all relevant portions" of appellant's testimony from his prior trial. The State anticipated that appellant would object to the admissibility of this evidence "upon the grounds that he will thereby be compelled to give evidence against himself or that he will thereby be deprived of liberty, property, privileges or immunities, without due process, or due course of the law of the land." The State requested a pretrial ruling on the admissibility of this evidence because of the importance of this evidence in its preparation for trial.

On May 18, 1989, a pretrial hearing was held, in part, on the State's motion. The State informed the trial court that it sought to offer into evidence the appellant's testimony elicited during the direct and cross examinations from the guilt/innocence phase of his first trial. The State submitted numerous authorities [3] supporting the admissibility of the proffered evidence. In response to the motion, the trial judge indicated he "expect[ed] to follow the law, and allow [the State] to introduce that testimony."

Prior to the trial on the merits commencing, appellant requested that the State specify which questions and answers from the previous trial it proposed to read to the jury. During trial but before offering the

---

1. This is appellant's second conviction for this offense. His first conviction, out of Bosque County, was reversed on appeal. After a change of venue to Comanche County, the case was retried, appellant was again convicted, and he was assessed the same punishment by this jury as the first jury.

2. For a more detailed recitation of the intriguing facts in this case, see the court of appeals' opinion, 804 S.W.2d at 650–651.

3. *Harrison v. State*, 456 S.W.2d 371 (Tex.Crim. App.1970); *Miguez v. State*, 715 S.W.2d 795 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd.); *Chavez v. State*, 508 S.W.2d 384 (Tex. Crim.App.1974); *Mitchell v. State*, 109 Tex.Cr.R. 643, 6 S.W.2d 753 (1928) (Opinion on Rehearing); and *Mooney v. State*, 73 Tex.Cr.R. 121, 164 S.W. 828 (1914).

prior testimony as evidence, the State specified certain lines of testimony it sought to introduce into evidence from 124 pages of the record of appellant's direct examination and all 256 pages of his cross examination "excluding all questions which were previously objected to; all references to previously marked exhibits in the former proceedings; all questions making any reference to the prior jury or making its presence known or assumed in the question." Appellant lodged numerous objections [4] to the admissibility of the testimony as a whole. The State responded that it continued to rely upon the authorities which it had earlier submitted to the trial court, see footnote 3 *supra*, for the admissibility of this former testimony. Upon query from the trial judge as to whether the rules of evidence were applicable, the prosecutor replied that he had not read the rules cited by defense counsel in his objections. As to the Rule 804 hearsay exception, raised by the trial judge, appellant's counsel argued that appellant was not "unavailable" as a witness because he was "clothed with some constitutional rights and some statutory rights." [5]

After the State presented several more witnesses in its case-in-chief, it offered into evidence, as exhibits, the two volumes of testimony from appellant's first trial. The State relied upon Tex.R.Crim.Evid. 801(e)(2), 804(a)(1) or (b)(1), and, later, Rule 107 as further support for the admissibility of this evidence. The two volumes were admitted into evidence as exhibits for record purposes only. Subsequently, the State and appellant agreed to excise certain portions of the prior testimony, and the State then highlighted the remaining portions which would be read to the jury. The volumes containing the highlighted portions were then admitted into evidence as exhibits for record purposes, but not for display to the jury. Appellant reurged his objections to the admission of this former testimony, all of which were overruled by the trial judge. Appellant then made objections to specific lines of testimony, which objections were also overruled. [6] The jury returned to the courtroom, and without any explanation from the trial judge or either

---

**4.** The trial court recessed the jury in order to conduct the hearing on appellant's objections to the State's offer of his former testimony. The court explained to the jury that the recess was necessary "because of the nature of some of the evidence that could be coming in tomorrow" and that rulings on that evidence had to be made outside the jury's presence. Appellant's first objection to the admissibility of his former testimony was that the trial judge's remarks constituted a comment on the weight of the evidence in violation of Art. 38.05, V.A.C.C.P., which conveyed to the jury the trial judge's opinion of the case and of whom should prevail, and which was highly prejudicial. Appellant's other objections may be summarized as follows: (1) that allowing admission of the prior testimony violated Art. 38.08, V.A.C.C.P., thus depriving appellant of due process under both the state and federal constitutions and depriving him of a fair trial and the right to a new trial under Tex.R.App.Proc. 32; (2) that the testimony was not an admission under Tex.R.Crim.Evid. 801 and therefore was inadmissible; (3) that the prior testimony was not deposition testimony but allowing its admission treated it as such; (4) that admitting the former testimony violated his right to remain silent and not testify under the Fifth Amendment and Art. I, § 10, Tex. Const.; (5) that the evidence was not relevant under Tex.R.Crim.Evid. 401 and 402, and if relevant, it failed the Rule 403 balancing test; (6) that the

use of the former testimony was impermissible to prove character under Tex.R.Crim.Evid. 404(a) and 405(b); (7) that the testimony constituted inadmissible proof of other crimes, specifically perjury, under Tex.R.Crim.Evid. 404(b); (8) that admitting the former testimony constituted a direct comment on his failure to testify in violation of the Fifth and Fourteenth Amendments and Art. I, § 10; and (9) that admission of the testimony violated his right to due process under the federal constitution and Art. I, § 19, Tex. Const.

Appellant lodged these objections to the admission of the former testimony as a whole and as "to each particular question and answer."

**5.** During his objections to the admissibility of the former testimony, appellant's counsel stated that appellant did not desire to testify, hence invoking his fifth amendment privilege against self-incrimination in this second trial.

**6.** The State agreed to delete portions of the prior testimony to which appellant lodged specific objections, but for the most part these objections were consistently overruled by the trial judge. The propriety of the rulings on these particular objections is not an issue before this Court as the court of appeals' decision addressed only the admissibility of appellant's former testimony as a whole. Tex.R.App.Proc. 200(a). *Bryan*, 804 S.W.2d at 652–653.

party as to the nature of the testimony, the court reporter took the witness stand and began reading into the record portions of appellant's testimony from the first trial.[7] Without waiving his prior objections, and pursuant to Tex.R.Crim.Evid. 107, appellant offered into evidence approximately forty pages of appellant's direct examination testimony from his first trial. This testimony, too, was read to the jury by the court reporter. After calling one more witness to testify, the State rested.

Appellant raised three points of error in the court of appeals contending the trial court reversibly erred by permitting the jury to hear his former testimony. 804 S.W.2d at 652–653. The court of appeals relied on this Court's opinion in *Chavez v. State*, 508 S.W.2d 384 (Tex.Crim.App.1974), and the rules of criminal evidence[8] in resolving appellant's claims. The court of appeals held that (1) the trial court did not reversibly err in allowing the prior testimony, "including the questions which contained 'numerous prejudicial statements by the prosecutor[;]' " (2) the prior testimony was not offered to show the appellant's bad character and was relevant to prove appellant's attempted explanations of the incriminating circumstances surrounding his wife's death; and (3) admitting the prior testimony did not deprive appellant of a fair trial. *Bryan*, 804 S.W.2d at 653.

Appellant's first trial was held in April of 1986, but his second trial was held in May and June of 1989; thus, the rules of criminal evidence controlled the admission of his former testimony at the second trial, and ultimately control disposition of appellant's ground for review concerning the admissibility of that evidence.[9] Nevertheless, the court of appeals partially relied upon the *Chavez* decision from this Court in resolving appellant's claims, which decision obviously predated the rules.

Chavez was convicted of rape, which was a capital offense at that time, on his plea of guilty. He testified at the punishment phase of his trial in an attempt to mitigate his punishment, and the testimony was highly incriminating and amounted to an admission of guilt. See *Chavez*, 508 S.W.2d at 386. This conviction was affirmed on appeal, but subsequently this Court granted a writ of habeas corpus and remanded the cause for a new trial. *Id.* at 385. At the retrial, Chavez pled not guilty and chose not to testify. The State, after deleting any reference to Chavez's prior guilty plea, introduced into evidence a transcript of his testimony from the first trial. Before this Court, Chavez contended the admission of his prior testimony violated his Fifth Amendment privilege and Art. 40.08, V.A.C.C.P., (repealed, now Tex. R.App.Proc. 32).

This Court found his contention was without merit. *Chavez*, 508 S.W.2d at 386. Relying on a host of cases[10], this Court stated:

> These cases hold or recognize that an accused, taking the stand on his own behalf, waives the privilege, so that his testimony may be used against him at a subsequent trial of the same case.

*Id.* In its opinion in the cause *sub judice*, the court of appeals acknowledged that this holding in *Chavez* had been criticized by Judge Teague in his concurring opinion in *Nelson v. State*, 765 S.W.2d 401, 406 (Tex. Crim.App.1989) (Teague, J., concurring).

---

7. The former testimony admitted before the jury comprised 192 pages of this record. The record from the State's case-in-chief on the trial of the merits in this case consists of approximately 1,286 pages in the record.

8. Without elaboration, the court of appeals asserted the prior testimony was admissible under the following rules of evidence: 801(d) and (e)(2)(A), 804, 107, 402, and 403. *Bryan*, 804 S.W.2d at 652–653.

9. The rules of criminal evidence became effective September 1, 1986.

10. *Collins v. State*, 39 Tex.Cr.R. 441, 46 S.W. 933 (1898); *Preston v. State*, 41 Tex.Cr.R. 300, 53 S.W. 881 (1899) (On Motion for Rehearing); *Wooley v. State*, 64 S.W. 1054 (Tex.Crim.App. 1901); *Roberts v. State*, 89 Tex.Cr.R. 454, 231 S.W. 759 (1921); *Rodriguez v. State*, 130 Tex. Cr.R. 438, 94 S.W.2d 476 (1936); *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); and *Edmonds v. United States*, 106 U.S.App.D.C. 373, 273 F.2d 108 (1959).

Judge Teague's criticisms focused on the foundation of the authorities upon which this Court relied in *Chavez.*

According to Judge Teague, those authorities (see footnote 10) relied on a "poor analogy" to confession law to hold a defendant's former testimony was admissible at a subsequent trial. *Preston,* 53 S.W. 881, illustrates the analogy through its interpretation of *Collins,* 46 S.W. 933, where the Court upheld the use of the defendant's testimony from his first trial against him when he testified at his second trial. In *Preston,* the defendant testified at his first trial, but chose not to testify at the subsequent trial. Attempting to distinguish *Collins,* Preston contended on appeal that his former testimony could not be produced against him since he did not testify at the second trial. In rejecting his contention, the Court noted:

> The objection [in *Collins*] urged was that a defendant's testimony at a former trial could not be reproduced against him at a subsequent trial, because it was a statement of the defendant made while under arrest, and no warning such as is required by the statute was shown to have been given; and that decision was predicated upon the idea that a warning in such case was not necessary; that when appellant took the stand on his own behalf, though for the time being he might be under arrest, yet he was in the presence of the court; and that his giving the testimony was free and voluntary,—[sic] thus placing his statement or confession on the same plane as a confession made out of court when not under arrest, or a statement or confession made under arrest after having been duly warned.

*Preston,* 53 S.W. at 881. The Court concluded that

when a defendant takes the stand on his own behalf, he does so with full knowledge of his rights in the premises, and on a subsequent trial of the case it is competent for the state to introduce such evidence against him, although he may not take the stand at the subsequent trial.

*Id.*

Although *Chavez* was criticized in *Nelson,* both the majority and concurring opinions in that case went on to find *Chavez* inapposite. *See Nelson,* 765 S.W.2d at 405, 410. The defendant Nelson testified at a preliminary hearing, outside the jury's presence, during the guilt/innocence phase of trial. The hearing was held to determine the admissibility of Nelson's prior convictions for the purpose of impeaching his defensive testimony. Finding the convictions were too remote, the trial court ruled them inadmissible. At the punishment phase, however, the State was permitted, over Nelson's objection, to present his testimony regarding these convictions through the court reporter reading her notes. On petition to this Court, the State cited *Chavez* as supporting the admissibility of the prior testimony; Nelson relied on *Brumfield v. State,* 445 S.W.2d 732 (Tex. Crim.App.1969) (On State's Motion for Rehearing) for the contrary[11], and the limited purpose doctrine from *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). This Court followed the spirit of *Brumfield* and held

that an accused testifying before a jury on the issue of guilt retains the right to reclaim his privilege to exclude any testimony given by him in a hearing conducted by the trial judge outside the presence of the jury in order to hear voir dire examination by the State to determine admissibility of his own testimony the State proposes to offer against accused, and the trial court rules his testimony

---

11. In *Brumfield,* the defendant testified at the guilt/innocence phase of his trial and testified only as to his innocence of the charged offense. During the punishment phase, he was recalled by the State, over objection, for "further cross-examination" regarding two prior convictions which were not admissible as impeachment when he testified at guilt/innocence. The Court concluded that the defendant waived his privilege against self-incrimination by voluntarily testifying at trial but that that waiver was only effective as to the particular proceeding, i.e. the guilt/innocence phase, in which the defendant testified. 445 S.W.2d at 741. Thus, the trial court erred in allowing the State to recall the defendant for further cross-examination at the punishment stage. *Id.*

inadmissible for its intended purpose and withholds it from the jury.

*Nelson,* 765 S.W.2d at 405. The Court reasoned further that if the State could not recall the defendant to testify at punishment, then once the defendant reclaimed his privilege to exclude the testimony he gave at guilt/innocence outside the jury's presence, the testimony retained its privileged status and was not admissible in some other form at the punishment phase over objection. *Id.* at 406.

While each of the foregoing cases is instructive, especially in regard to the waiver of the constitutional privilege against self-incrimination, the advent of the rules of criminal evidence renders each inapposite to the issue before us in appellant's second ground for review; the issue presented to us is one of first impression under these rules.[12] We glean from these cases and others, however, general, well-accepted tenets of law which were not eradicated by the promulgation of the rules of criminal evidence and which are pertinent to the issue in this petition.

 It is axiomatic that a criminal defendant may not be compelled to testify at his trial and give evidence against himself. U.S.C.A. Const.Amend. 5; Art. I, § 10, Tex. Const.[13] However, this constitutional right may be waived if done knowingly, voluntarily, and intelligently. *Brumfield,* 445 S.W.2d at 735. As the United States Supreme Court has said:

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.

*Harrison v. United States,* 392 U.S. at 222, 88 S.Ct. at 2010.

 When an accused voluntarily testifies before a jury he is subject to the same rules governing direct examination and cross-examination as any other witness. *Myre v. State,* 545 S.W.2d 820, 825 (Tex.Crim.App.1977); and *Brown v. State,* 617 S.W.2d 234, 236 (Tex.Crim.App.1981). That is, he may be "contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying, except where there are overriding constitutional or statutory prohibitions." *Brown,* 617 S.W.2d at 236.[14] The privilege ceases only when liability to punishment no longer exists. *Brown,* 617 S.W.2d at 237, citing *Brumfield,* 445 S.W.2d at 735.

 In the present cause, appellant waived his privilege against self-incrimination by voluntarily testifying at the guilt/innocence phase of his first trial. That waiver, however, was effective only as to that particular phase of the first proceeding. Upon retrial, appellant's privilege was still viable, and he properly invoked his right not to testify in this second trial by stating, via counsel, that he did not desire to testify. The issue in this petition is thus framed: was appellant's former testimony admissible in evidence against him at his second trial even though he invoked his privilege against self-incrimination?

 Rule 804(b), providing for hearsay exceptions where the declarant is unavailable, states:

> **(b) Hearsay exceptions.** The following are not excluded if the declarant is unavailable as a witness:
> (1) *Former testimony.* Testimony given as a witness at another hearing

---

**12.** Although appellant lodged numerous constitutional and statutory based objections at trial (see footnote 4 *supra*), before this Court he argues only the rules of criminal evidence as a basis for the exclusion of his former testimony.

**13.** The Fifth Amendment's exception from compulsory self-incrimination is protected by the Fourteenth Amendment against abridgment by the States. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

**14.** Citing *Brumfield,* 445 S.W.2d 732; *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); and *Santiago v. State,* 444 S.W.2d 758 (Tex.Crim.App.1969).

of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. The use of depositions is controlled by Chapter 39 of the Texas Code of Criminal Procedure.

This Court recently held a witness is rendered "unavailable", under Tex.R.Crim. Evid. 804(a)(1), when he invokes his Fifth Amendment privilege not to testify. *Jones v. State,* (Tex.Crim.App. No. 69,894 delivered April 29, 1992), 1992 WL 132015. *See also United States v. Young Bros., Inc.,* 728 F.2d 682, 690 (5th Cir.1984), *cert. denied,* 469 U.S. 881, 105 S.Ct. 246, 83 L.Ed.2d 184. When appellant stated he did not desire to testify, he became unavailable as a witness.

■ Determining appellant was unavailable for purposes of Rule 804, we must determine next whether the former testimony sought to be admitted was "given as a witness at another hearing of the same or a different proceeding". Tex.R.Crim.Evid. 804(b)(1). As stated previously, appellant waived his fifth amendment privilege and voluntarily testified at length on his own behalf at his first trial. In appellant's second trial, the State sought to introduce into evidence this very same testimony given by appellant as a witness at his first trial. The second trial was merely a retrial of the first; the charge, that appellant committed the murder of his wife, Mickey Bryan, and the parties involved [15] remained constant. The two proceedings are necessarily the same. Without question, appellant gave this testimony as a "witness" at "another hearing of the same proceeding."

The final requirement for admission of appellant's former testimony under Rule 804(b)(1) is that "the party against whom the testimony is now offered, [appellant,] had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." This provision protects the party against whom the hearsay evidence is offered from the disadvantage of not being able to examine the witness who made the statement or gave the testimony. *Jones,* slip op. at p. 3, citing *United States v. Salerno,* 937 F.2d 797, 806 (2d Cir.1991). However, these disadvantages are not present in the cause *sub judice.* In the instant case, appellant was the "witness" to whom the rule refers, and appellant's testimony was given at his first trial in defense of the same allegations pending against him in the second trial. Appellant, by voluntarily testifying, had the opportunity through his counsel's questioning to develop the testimony on direct and redirect examination. We hold that that portion of appellant's testimony from his first trial which the State sought to introduce against him at the second trial falls within the former testimony exception to the hearsay rule and was therefore admissible. Tex.R.Crim.Evid. 804(b)(1). This holding comports with the general rule that an accused, by voluntarily testifying before the jury, waives his privilege against compulsory self-incrimination with respect to the testimony he gives.[16] *See* p. 643, *supra.*

In its decision, the court of appeals merely asserted that even if appellant's former testimony were to be treated as hearsay [17],

---

**15.** The district attorney of Bosque County and a special prosecutor represented the State at both trials. Likewise, appellant retained the same defense counsel at both proceedings.

**16.** In *Nelson,* 765 S.W.2d at 411, Judge Teague noted that "[w]hat happened in [that] cause [was] clearly the functional equivalent of the State recalling a defendant to testify...." He distinguished that situation, which was improper, from the one which confronts us today, by stating:

I must reemphasize that we are not in this cause dealing with a retrial where evidence was freely, intelligently, knowingly, and vol-

untarily given by the defendant in the jury's presence at his first trial and that same evidence was admitted into evidence on retrial. *Id.*

**17.** The court of appeals determined that "much" of appellant's former testimony was not hearsay because it was not offered to prove the truth of the matter asserted but was offered to prove appellant had given untrue explanations for events surrounding his wife's death. *Bryan,* 804 S.W.2d at 652. The appellate court also concluded "all of appellant's testimony from the prior trial" was not hearsay under Rule 801(e)(2)(A). *Id.*

it would have been admissible under Rule 804. *Bryan,* 804 S.W.2d at 652. Because the court of appeals reached the correct conclusion, we affirm its judgment. Appellant's second ground for review is overruled.

■ In his first ground for review, appellant contends the court of appeals erred in concluding the special prosecutor's jury argument was not an improper comment on his failure to testify. We now find our decision to grant appellant's petition on this ground was improvident. Therefore, that part of appellant's petition is dismissed. As is true in every case, refusal of discretionary review by this Court does not constitute an endorsement or adoption of the reasoning employed by the court of appeals. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Crim.App.1983).

Accordingly, the judgment of the court of appeals is affirmed.

OVERSTREET and MALONEY, JJ., concurs and dissents, agrees with the disposition of ground number two and disagrees with the improvident grant dismissal of ground number one.

CLINTON, Judge, dissenting.

In *Chavez v. State,* 508 S.W.2d 384 (Tex. Cr.App.1974), this Court held that use of testimony of the accused at a former trial of the same indictment at a retrial during which the accused chooses not to testify does not violate his Fifth Amendment privilege not to testify to his own detriment. In a separate opinion in *Nelson v. State,* 765 S.W.2d 401, at 409 (Tex.Cr.App.1989), joined by Judge Miller, the late Judge Teague opined that *"Chavez'* foundation resembles quick sand." In brief, Judge Teague maintained that the authorities cited in *Chavez* do not address or decide a Fifth Amendment question at all. It was my understanding we granted this petition for discretionary view with a mind to reexamine the holding in *Chavez.* How ironic that the majority today still refuses to resolve the Fifth Amendment question!

The majority informs us that appellant did not waive his privilege against self-incrimination at his retrial by virtue of having testified at his first trial. At 643. This is certainly consistent with our holding in *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App.1969). Accordingly, the majority frames the issue in this cause: "was appellant's former testimony admissible in evidence against him at his second trial even though he invoked his privilege against self-incrimination?" At 643–644. Thus, as identified by the majority itself, the issue here is one of constitutional dimension.

The majority proceeds to answer its own question by asserting that appellant's testimony from the first trial is admissible under Tex.R.Cr.Evid., Rule 804(b)(1), because invocation of his privilege against self incrimination at the second trial rendered him "unavailable" by the terms of that provision. This would undoubtedly be the proper way to resolve a claim that appellant's testimony at the first trial was objectionable at the second trial because it constitutes *hearsay,* ordinarily inadmissible under Tex.R.Cr.Evid., Rule 802. However, it has no analytical bearing on the constitutional question the majority itself declares is the crux of this case.

If the majority does not wish to revisit the holding of *Chavez* after all, it should simply dismiss the cause as improvidently granted. Tex.R.App.Pro., Rule 202(k). While I do not favor that disposition, it is better than what the majority does today— to create a far more bizarre precedent than that which we granted discretionary review to examine. I therefore dissent.