Opinion filed April 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00240-CR

                                                     __________

 

STEVEN BARKER SIROIS, Appellant

 

vs. 

 

STATE OF TEXAS, Appellee

                                                              

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR17318

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
jury found appellant guilty of the offense of aggravated sexual assault and not
guilty of two counts of sexual assault.  The trial court assessed appellant=s punishment at confinement
for thirty-five years. We affirm.

The
sufficiency of the evidence is not challenged.  








In
four issues, appellant contends (1) that the trial court erred when it admitted
the victim=s out-of-
court statement into evidence; (2) that the trial court erred when it admitted
appellant=s prior
marihuana conviction into evidence; (3) that appellant=s trial counsel was ineffective for failing to
object to an expert=s
testimony relating to her opinion regarding the victim=s truthfulness and in failing to ask for a
mistrial when that testimony was admitted; and (4) that the trial court erred
when it denied appellant=s
motion for new trial.

The
victim testified that, from September 2001 to February 2004, there were eighty
to ninety times that sexual encounters of various kinds occurred between
appellant and herself.  She also testified that this covered a period of time
from when she was twelve years of age until she was just short of fifteen years
of age.  The victim was born on February 24, 1989.  The last alleged sexual
encounter between the victim and appellant was February 14, 2004.  The jury
found appellant not guilty of the offenses alleged to have occurred when appellant
was fourteen years old:  penetration of the victim=s mouth by appellant=s sexual organ (Count II) and penetration of
the victim=s sexual
organ by appellant=s
finger (Count III).  The jury convicted appellant of the offense alleged in
Count I of the indictment for an offense that occurred on September 1,
2001.  The offense involved penetration, by appellant=s tongue, of the sexual organ of the victim, a
child under fourteen years of age.

In
appellant=s first
issue on appeal, he argues that the trial court erred when it admitted an
out-of-court statement made by the victim.    

Michael
Phillip McShan testified at the trial.  In April 2004, McShan was under
contract with the Pecan Valley Regional Domestic Violence Shelter, also known
as the Ark Domestic Shelter.  McShan was the director of prevention and
awareness.  As a part of that work, he spoke to various groups.  One of those
groups included students in the Blanket school system.  He spoke to them from
12:30 p.m. to 3:30 p.m., and his talk included comments about child abuse,
relationship abuse, and how to report the abuse.  As a part of his talk, McShan
told the students that, if they did not have someone whom they could talk to,
they should visit with him after the talk.  When the presentation ended, five
children came up to talk to him; the victim was one of those children.








The
prosecutor asked McShan what information the victim gave him.  He testified
that the victim told him that a family friend Ahad
been doing things to her.@ 
Later in the visit, she gave  McShan more specific information.  The prosecutor
asked McShan whether the victim gave him the name of the person who was Aresponsible for this.@  Appellant=s attorney lodged the
objection that the answer called for hearsay testimony.  The trial court
overruled the objection and ruled that the testimony went to the Athen-existing mental,
emotional, or physical condition of the witness@
and, therefore, fell within an exception to the hearsay rule.  McShan testified
that the victim named appellant as the perpetrator.

We
review a trial court=s
ruling on the admissibility of evidence under an abuse of discretion standard. 
Burden v. State, 55 S.W.3d 608, 614 (Tex. Crim. App. 2001).  We will not
reverse a trial court=s
ruling on the admissibility of evidence unless the ruling is outside the zone
of reasonable disagreement.  Id.   We will uphold the trial court=s ruling on appellant=s objection if the ruling
was supported by the record and was correct under any theory of law applicable
to the case.  Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim.
App. 2003); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). 
This is true even if the trial court gave the wrong reason for the ruling.  Armendariz,
123 S.W.3d at 404; Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). 

Appellant
maintains that the complained-of testimony was hearsay.  The State argues that
the testimony was not hearsay but, rather, that it was admissible as a matter
of identification testimony.  Tex. R.
Evid. 801(d) defines Ahearsay@ to be Aa statement, other than one
made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted.@ Tex.
R. Evid. 801(e) provides that certain types of statements are not
hearsay.  A statement that is Aone
of identification of a person made after perceiving the person@ is not hearsay.  Rule
801(e)(1)(C).  The declarant must testify Aat
the trial or hearing and is subject to cross-examination concerning the
statement.@  Rule
801(e)(1).








We
do not decide whether the identification argument of the State is a valid one,
nor do we decide whether the trial court=s
stated reason for admitting the evidence is a correct one.  The record contains
page after page reflecting the victim=s
testimony concerning the many different things that she claimed that appellant
did to her some eighty or ninety times over a period of years.  Each time she
testified about those things, she named appellant as the one who did them to
her.   At one point in the victim=s
testimony, which occurred prior to McShan=s
testimony, she said that she gave McShan the name of the person she claimed had
committed these acts against her.  Appellant=s
name was used throughout the victim=s
testimony, including during a vigorous cross-examination by appellant=s attorney, as the person
whom she claimed had committed the alleged acts against her.  See Tex. R. App. P. 44.2(b).  The Texas
Court of Criminal Appeals has held that Aoverruling
an objection to evidence will not result in reversal when other such evidence
was received without objection, either before or after the complained-of
ruling.@  Lane v.
State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  Appellant=s first issue on appeal is overruled.  

Appellant
next argues that the trial court committed reversible error when it admitted
evidence of appellant=s
1982 felony conviction for possession of marihuana.  This case involves the
second trial for the sexual assault offenses.  The jury in the first trial could
not reach a unanimous verdict, and the trial court declared a mistrial. 
Appellant testified in his first trial but did not testify in his second
trial.  During the second trial, the State offered and the trial court admitted
into evidence portions of a transcript of appellant=s testimony from the first trial.  In
appellant=s prior
testimony, when the State asked him whether he had been convicted of a felony,
he said that he had.  The jury in that prior trial heard appellant say that the
conviction was in 1982 and was for possession of marihuana.  Appellant=s second issue on appeal
goes only to the admission of the prior conviction, not to the admission of the
testimony from the prior trial.

When
an accused voluntarily testifies before a jury, the same rules apply as with
any other witness.  Bryan v. State, 837 S.W.2d 637, 643 (Tex. Crim. App.
1992).  He is subject to cross-examination the same as any other witness, and
he may be Acontradicted,
impeached, discredited, attacked, sustained, bolstered up, made to give
evidence against himself, cross-examined as to new matter, and treated in every
respect as any other witness testifying, except where there are overriding
constitutional or statutory prohibitions.@
Id. (citing Brown v. State, 617 S.W.2d 234, 236 (Tex. Crim. App.
1981)).

Tex. R. Evid. 804(b) contains, in relevant
part, the following language:

(b)
Hearsay Exceptions.  The following are not excluded if the declarant is
unavailable as a witness:

 

(1)
Former testimony. [T]estimony given as a witness at another hearing of
the same or a different proceeding . . . if the party against whom the
testimony is now offered . . . had an opportunity and similar motive to develop
the testimony by direct, cross, or redirect examination.

 








A
witness is Aunavailable@ under the rule if he
invokes his Fifth Amendment privilege not to testify.  Bryan, 837 S.W.2d
at 643-44.  When appellant invoked his right not to testify in the second
trial, he became unavailable under the rule, and because the conditions of the
rule were met, his former testimony was admissible.  In that former testimony,
the trial court allowed the State to establish the 1982 conviction.  The
judgment and the order of discharge following completion of probation were also
admitted in this trial.

Tex. R. Evid. 609 governs situations in
which parties seek to impeach a witness by introducing evidence of a
conviction.  We will discuss the provisions of this rule later in this opinion.

Regardless
of the provisions of Rule 609, an exception to the rule arises when a witness
testifies regarding his past conduct and leaves the false impression that he
has never been arrested, charged, or convicted of any offense.  Delk v.
State, 855 S.W.2d 700 (Tex. Crim. App. 1993).  When a witness creates a
false impression regarding his law-abiding behavior, he Aopens the door@
to his criminal history.  Id. at  704; Prescott v. State, 744
S.W.2d 128, 131 (Tex. Crim. App. 1988).  When making a determination of whether
the witness has Aopened
the door@ to a showing
of his prior criminal record, it is important to examine the answer given in
relation to the question asked.  Delk, 855 S.W.2d at 704.  It is also
important to determine how broadly the question is to be interpreted.  Id.

In
Prescott, 744 S.W.2d at 130, the defendant was asked a question about
his lawyer=s decision
to take two statements on one day.  The defendant responded that Athis [was his] first time
to go through this.@ 
The trial court believed that this created a false impression about the
defendant=s criminal
history, and it allowed the State to impeach the defendant with a prior
conviction.  The Texas Court of Criminal Appeals disagreed.  The answer given
by the defendant must be viewed in light of the question asked; and, in that
context, the answer was not tantamount to an answer indicating that the
defendant had never been the subject of criminal proceedings.








Hammett
v. State, 713 S.W.2d 102 (Tex. Crim. App. 1986), involved a charge of
driving while intoxicated.  The defendant=s
attorney asked him about a prior conviction for public intoxication.  His
lawyer then asked him whether that was the only time he had been arrested for
public intoxication; the defendant answered that it was.  Hammett, 713
S.W.2d at 106.  The State claimed that the defendant had Aopened the door@ by leaving the impression
that he had not been arrested for any offenses other than public intoxication. 
The trial court agreed and allowed the State to go into a conviction for
criminal mischief.  The Texas Court of Criminal Appeals found that when
determining to what extent a colloquy Aopened
the door,@ it was important
to examine how broadly one would interpret the question that was asked.  Id.
at 106.  Because the question regarding public intoxication was not broad
enough to include anything other than public intoxication, the Texas Court of
Criminal Appeals remanded the case to the Court of Appeals for a determination
of harm resulting from the error in admitting the evidence.

In
Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992), the court held
that, before it could be said that a witness had Aopened
the door@ to evidence
of prior crimes, the witness must go beyond mere implication that he is
law-abiding.  He must convey the idea that he has never before committed a
crime.  Id. at 879.  The defendant in Theus testified that he had
never sold drugs, and that he had told police about a drug dealer.  The State
took the position that this testimony allowed it to introduce evidence of an
arson conviction.  The testimony was not admissible.  The defendant did not
claim in his answer that he had never been convicted of a felony.  Id.
at 880.

In
this case, the following exchange occurred between appellant and his attorney:

Q.  Would you have
ever done anything to hurt [the victim]?

 

A.  No, sir, not any
child, sir.

 

Q.  Would you have
ever done anything to hurt or injure your daughter?

 

A.  No, sir.

 

Q.  Or your wife?

 

A.  No, sir.

 

Q.  Or risk doing
that?

 

A.  No, sir.  Never.

 

Q.  Would you have
done anything to risk hurting them right in front of them like is being
alleged?

 

A.  No, sir.

 








We
believe that, when we gauge the answers given by appellant against the focus of
the questions asked, the answers are limited to categories of like sexual
crimes.  The witness never suggested that he had never been arrested, charged,
or convicted of any offense.  He did not generally proclaim that he was a
law-abiding citizen.  The answers were framed by the questions, and the
questions were narrowly framed and were confined to like crimes of a sexual
nature.  The 1982 marihuana conviction should not have been admitted into
evidence under the theory that the witness had Aopened
the door@ to it.   See
Burden, 55 S.W.3d at 615.  

However,
our inquiry does not end there.  We look to see whether the evidence was
admissible on any theory.  Armendariz, 123 S.W.3d at 404.   To determine
whether the conviction is otherwise admissible in this case, we look to the
provisions of Rule 609.   See Theus, 845 S.W.2d at 879.  Rule 609(a)
provides for the admissibility of prior convictions to attack the credibility
of a witness if the conviction was for a felony or for a crime involving moral
turpitude and if the court determines that the probative value of the evidence
outweighs its prejudicial effect.  Rule 609(b) is more strenuous for remote
convictions:  A[I]f a
period of more than ten years has elapsed since the date of the conviction . .
. unless the court determines, in the interest of justice, that the probative
value of the conviction supported by specific facts and circumstances substantially
outweighs its prejudicial effect@
(emphasis added).         

            In
Theus, the court set forth certain nonexclusive guidelines for use in
performing the balancing test set forth in Rule 609.  Theus, 845 S.W.2d
at 880.  Those factors include: (1) the impeachment value of the prior crime;
(2) the temporal proximity of the past crime relative to the charged offense
and the witness=s
subsequent history; (3) the similarity between the past crime and the offense
being prosecuted; (4) the importance of the defendant=s testimony; and (5) the importance of the
credibility issue.

If
a prior offense involves a crime of deception as opposed to violent crimes,
admission of the evidence is favored.  If the opposite is true, there would be
a higher likelihood of prejudice, and admission of the evidence would not be
favored.  Id. at 881.  Possession of marihuana is not a crime that
involves untruthfulness or deception, and the first factor militates against
admission of the conviction.  See Miller v. State, 196 S.W.3d 256 (Tex.
App.CFort Worth 2006,
pet. ref=d).








If
the past crime is one of recent origin, then admission of the conviction is
favored.  Theus, 845 S.W.2d at 880; Miller, 196 S.W.3d at 256. 
Here, the conviction is not of recent origin; it occurred in 1982.  Further,
that militation against admission of the conviction is not lessened by
appellant=s 
propensity for running afoul of the law because there has been no showing of
any such propensity to run afoul of the law.  The age of the conviction
militates against admission of the conviction.  

If
the prior conviction is for a crime similar to the one currently on trial, then
the law does not favor admission of the prior conviction.  Theus, 845
S.W.2d at 880; Miller, 196 S.W.3d at 256.  That is so because there is a
danger that a jury might convict a defendant based upon past conduct rather
than upon the facts of the case being tried.  Theus, 845 S.W.2d at 881. 
Here, the prior conviction involves a totally different set of circumstances
and is a completely dissimilar offense.  This factor favors the admission of
the prior offense.

 The
other two factors both involve the nature of the defense put forth by the
defendant  and the means available to prove that defense.  Id.  The
offenses alleged in this case normally are not  committed in the presence of
witnesses.  The only eyewitnesses in these type of cases normally will be the
purported victim and the defendant.  The credibility of both the victim and
appellant, therefore, is extremely important.  There was some contested
testimony that, on a couple of occasions, others witnessed inappropriate
touching, although not sexual contact, of the victim by appellant.  Otherwise,
the only two witnesses regarding the alleged offenses were the victim and
appellant.   The victim said that appellant committed the crimes; appellant
said that he did not.  We believe that these two factors weigh strongly in
favor of the admission of the prior conviction.

After
considering all of the factors outlined in Theus, particularly the last
one, we believe that the probative force of the evidence relating to the prior
conviction substantially outweighs its prejudicial effect and that admission of
the evidence of the prior marihuana conviction was proper.

Even
if we are in error that the prior conviction was admissible under Rule 609(b),
we do not believe that any such error affected appellant=s substantial rights.  Before we may reverse a
criminal case, we examine any error to determine whether appellant=s substantial rights were
affected.  We must disregard any error that does not affect substantial
rights.  Tex. R. App. P. 44.2(b).
             








We
think it is important to note that the jury found appellant guilty in only one
of three charged offenses.  Under the circumstances of this case, if the
admission of the prior offense was such that it affected appellant=s substantial rights, it
would have affected all three charged offenses.  Apparently, it did not. 
Further, when the prior offense was admitted, there was no discussion of the
details of the offense B
just that it had occurred.  Additionally, we note that the State did not place
emphasis on the prior conviction:  it never mentioned it during jury argument. 
The same reasoning applies to any error committed by the trial court when it
admitted the prior conviction for the reason that appellant had Aopened the door@ to its admission.  We hold
that any error in admitting the prior conviction did not affect the substantial
rights of appellant.  Appellant=s
second issue on appeal is overruled.

In
his third issue on appeal, appellant claims that his trial attorney was
ineffective for failing to object to certain testimony offered by an expert
witness for the State.  The State called Linda Harriss as a witness.  Harriss
was licensed as a registered nurse as well as a licensed professional
counselor.  She held a nursing degree, psychology degree, and two different
master=s degrees in
counseling.  Shortly after the victim reported the alleged abuse, Harriss began
counseling with her.  She had conducted sixty-eight to seventy sessions with
the victim.  During the State=s
direct examination, the prosecutor asked her whether there was anything in her
experience with the victim that would lead her to believe that the victim had
not been abused.  Harriss answered, AI
know that she has been the victim of child abuse.  There is absolutely no doubt
in my mind.  I know that.@

On
cross-examination, appellant=s
attorney asked Harriss whether her opinion was based upon the assumption that
the allegations that had been relayed to her were true.  She agreed  with the
proposition.  Then, the following question was asked by appellant=s attorney:  ASo, you agree with me
that[,] if the allegations that are relayed to you are not true, then your foundation
is faulty, correct?@ 
Harriss answered, AThe
allegations are true.@ 
Appellant=s attorney
made the objection that the answer was nonresponsive, and he asked that the
answer be stricken.  The trial court sustained the objection, struck the
testimony, and also instructed the jury to disregard the testimony. Appellant=s attorney did not request
a mistrial, and appellant claims that such failure constituted ineffective
assistance of counsel.








On
redirect examination, Harriss testified that her greatest reason for knowing
and believing that the abuse happened was that the victim had told her that it
happened.  She testified:  AAfter
having worked with her so long, you know that she is telling the truth.  And
along with her telling her story, I saw the indications of a person of abuse.@  Appellant claims that he
received ineffective assistance of counsel when counsel failed to object to
this testimony.

To
prevail on an ineffective assistance of counsel claim, the familiar Strickland
v. Washington[1] test must be
met. Wiggins v. Smith, 539 U.S. 510, 521 (2003); Andrews v. State,
159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005).  Under Strickland, we must
determine whether counsel=s
performance was deficient and, if so, whether the defense was prejudiced by
counsel=s deficient
performance. Wiggins, 539 U.S. at 521; Strickland, 466 U.S. 668; Andrews,
159 S.W.3d at 101.  Appellant must overcome a strong presumption that his
lawyer=s conduct fell
within a wide range of reasonable professional assistance.  Andrews, 159
S.W.3d at 101.  The lawyer=s
conduct is reviewed as of the time it occured.  Id.  The appellate
record will almost always be insufficient Ato
show that counsel=s
conduct fell below an objectively reasonable standard of performance.@  Id. at 102. 
Further, appellant must show Athere
is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different. 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.@  Id.
(quoting Strickland, 466 U.S. at 690).

Appellant
filed a motion for new trial in this case, but did not address the ineffective
assistance claim.  Therefore, we have no record to show what strategy, if any,
trial counsel may have been pursuing when he did not object to the Atruthfulness@ testimony and when he did
not request a mistrial after the other instance pertaining to Atruthfulness,@ both of which are outlined
earlier in this opinion.  We think that it is reasonable to presume that
appellant=s trial
counsel could have declined to object to Harriss=s
testimony for the reason that repeated objections tend to bring extra attention
to that testimony.  He had already objected to this same type of testimony; the
jury had been instructed to disregard it; and he could have assumed that the
matter had been covered.








Regarding
the failure to move for a mistrial, trial counsel may have realized that there
would be no need to request a mistrial because he would not have been entitled
to one and would have received an unfavorable ruling in the presence of the
jury.  The trial court instructed the jury to disregard the testimony given by
Harriss that A[t]he
allegations are true.@ 
Normally, an error in the admission of evidence can be cured by an instruction to
disregard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  A
jury is presumed to follow the court=s
instructions.  Colburn v. State, 966 S.W.2d 511 (Tex. Crim. App. 1998). 
The trial court would not have abused its discretion in denying a mistrial had
one been made, and trial counsel cannot be faulted for not making the motion.

A[I]solated instances in the
record reflecting errors of omission or commission do not render counsel=s performance ineffective,
nor can ineffective assistance of counsel be established by isolating one
portion of trial counsel=s
performance for examination.@ 
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). Counsel=s performance is judged by Athe totality of the
representation,@ and Ajudicial scrutiny of
counsel=s performance
must be highly deferential@
with every effort made to eliminate the distorting effects of hindsight.  Robertson
v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).   The record reveals
that trial counsel ably performed his duties during the trial.  No other
complaints are raised against him except in connection with the testimony given
by Harriss regarding the truthfulness of the victim.  He vigorously
cross-examined witnesses,  presented many witnesses, prevailed in many rulings
by the trial court, presented argument to the jury, and obtained a not guilty
verdict on two-thirds of the charges for which appellant was on trial.  Trial
counsel=s
representation did not fall below an objective standard of reasonableness. 








Even
if trial counsel=s
representation did fall below an objective standard of reasonableness,
appellant also must show that there was a reasonable probability that, if it
had not been for counsel=s
unprofessional errors, the results of the trial would have been different.  The
reasonable probability must rise to the level that it undermined confidence in
the outcome of the case.  Andrews, 159  S.W.3d at 102.  Appellant has
failed to make this showing.  It is apparent that the jury was not convinced by
the Atruthfulness@ testimony given by
Harriss.  Had the jury been swayed by the testimony, appellant would have been
found guilty on all three counts.  All three counts depended upon testimony
from the victim.  We hold that appellant has not shown that there was a
reasonable probability that the outcome of this trial would have been different
but for his lawyer=s
representation.  Appellant=s
third issue on appeal is overruled.

Appellant
argues in his fourth issue on appeal that the trial court erred when it denied
his motion for new trial in which he alleged jury misconduct.  There were no
other claims made in the motion for new trial.  Appellant claims that the jury
decided this case by entering into an agreement that it would vote guilty on
Count I and not guilty on Counts II and III.  The trial court would not allow
appellant to put on any evidence regarding this alleged jury misconduct.  The
trial court was correct and did not abuse its discretion in denying the motion
for new trial. 

Tex. R. Evid. 606(b) prohibits a juror
from testifying about matters that occurred during the deliberations.  The rule
also prohibits a juror from testifying about Athe
effect of anything on the juror=s
mind or emotions or mental processes, as influencing any juror=s assent to or dissent from
the verdict or indictment.@ 
A juror is allowed only to testify about outside influences that are brought to
bear on a juror and to rebut claims that the juror was not qualified to serve
as a juror.  See Ford v. State, 129 S.W.3d 541 (Tex. App.CDallas 2003,  pet. ref=d); Traylor v. State,
43 S.W.3d 725 (Tex. App.CBeaumont
2001, no pet.); Hicks v. State, 15 S.W.3d 626 (Tex. App.CHouston [14th Dist.] 2000,
pet. ref=d); Hines
v. State, 3 S.W.3d 618 (Tex. App.CTexarkana
1999, pet. ref=d); Sanders
v. State, 1 S.W.3d 885 (Tex. App.CAustin
1999, no pet.).  

Tex. R. App. P. 21.3 provides:

The
defendant must be granted a new trial, or a new trial on punishment, for any of
the following reasons:

 

(a)
except in a misdemeanor case in which the maximum possible punishment is a
fine, when the defendant has been unlawfully tried in absentia or has been
denied counsel;

 

(b)
when the court has misdirected the jury about the law or has committed some
other material error likely to injure the defendant=s rights;

 

(c)
when the verdict has been decided by lot or in any manner other than a fair
expression of the jurors=
opinion;

 

(d)
when a juror has been bribed to convict or has been guilty of any other corrupt
conduct;








 

(e)
when a material defense witness has been kept from court by force, threats, or
fraud, or when evidence tending to establish the defendant=s innocence has been
intentionally destroyed or withheld, thus preventing its production at trial;

 

(f)
when, after retiring to deliberate, the jury has received other evidence;  when
a juror has talked with anyone about the case; or when a juror became so
intoxicated that his or her vote was probably influenced as a result;

 

(g)
when the jury has engaged in such misconduct that the defendant did not receive
a fair and impartial trial; or

 

(h)
when the verdict is contrary to the law and the evidence.

 

Appellant
argues that there is a conflict between Rule 606(b) and Rule 21.3.  We agree
with those courts that have found no conflict between Rule 606(b) and Rule
21.3.  For instance, in Hines, the court wrote:

We
conclude that Rules 606(b) and 21.3 are not in conflict, as Hines argues. 
Rather, they work together to define jury misconduct and provide how it may be
proved.  Tex. R. Evid. 606(b) now
defines what evidence is admissible in establishing jury misconduct, while Tex. R. App. P. 21.3 limits that permissible
evidence to that which is relevant to the indictment or verdict.  

 

Hines, 3 S.W.3d at 622; see also Hicks, 15 S.W.3d at 630.

Because the trial court followed the provisions of Rule
606(b), it did not abuse its discretion in overruling appellant=s motion for new trial. 
Appellant=s fourth
issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

April 24, 2008

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall, J.,
and Strange, J.









[1]Strickland v. Washington, 466 U. S. 668 (1984).