

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-415-CR

RICHARD LEE WILLIAMS                                 APPELLANT

V.

THE STATE OF TEXAS                                           STATE

\-\-\-\-\-\-\-\-\-\-\-

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

\-\-\-\-\-\-\-\-\-\-\-

## MEMORANDUM OPINION[1]

\-\-\-\-\-\-\-\-\-\-\-

### I. Introduction

Appellant Richard Lee Williams pleaded guilty to aggravated assault with a deadly weapon and a jury sentenced him to sixty years' confinement. In two points, Williams argues that the trial court abused its discretion in admitting

---

[1] *See* Tex. R. App. P. 47.4.

certain testimony and that, as a result, Williams's Fifth Amendment rights were violated. We affirm.

## II. Factual and Procedural Background

Williams, angry with his pregnant girlfriend, Tanjeneka McClellan, for talking on the phone with the father of her child from a previous relationship, cut and stabbed her multiple times with a kitchen knife. Because Williams pleaded guilty, the only issue before the jury was punishment.

During the punishment trial, the State introduced into evidence Williams's history of violence toward Tanjeneka. The jury also heard, over Williams's objections, testimony from Stanley Drzewiecki, a former army investigator, who testified that Williams, while in the army some twenty-five years earlier, had confessed to and been convicted of murdering his girlfriend who he believed to be pregnant. After hearing all the evidence, the jury assessed Williams's punishment at sixty years' confinement. This appeal followed.

## III. Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's ruling was within the zone of reasonable disagreement, there is no abuse of discretion. *Id.* Further, a trial court's decision regarding admissibility of evidence will be sustained if correct on any

2

theory of law applicable to the case, even when the court's underlying reason for the decision is wrong. *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990) (citing *Spann v. State*, 448 S.W.2d 128 (Tex. Crim. App. 1969)).

## IV. Rule 403 Objection

In his first point, Williams argues that the trial court abused its discretion in allowing Drzewiecki's testimony because the danger of unfair prejudice substantially outweighed the probative value of the testimony.

## A. Applicable Law

### 1. Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

To preserve error, a party must continue to object each time the objectionable evidence is offered. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied,* 528 U.S. 1026 (1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1259 (1991), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991). This rule applies whether the other evidence was introduced by the defendant or the State. *Leday*, 983 S.W.2d at 718. However, this rule does not apply if a defendant offers evidence identical to that which he objected to earlier in order to rebut, destroy, or explain the previously admitted evidence. *Id.* at 718–19; *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993).

### 2. Admissibility of Evidence

When a defendant pleads guilty before a jury, the proceeding becomes a unitary trial where the State may introduce evidence allowing the jury to intelligently exercise discretion in the assessment of punishment. *Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998). Evidence of the

4

defendant's criminal record, his character, and his reputation is admissible. *See Basaldua v. State*, 481 S.W.2d 851, 854 (Tex. Crim. App. 1972); *see also Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008) (explaining that when a "defendant pleads guilty to a jury, the jury need not return any verdict of guilty," and that the case "simply proceeds with a unitary punishment hearing"), *cert. denied*, --- S. Ct. ----, 2009 WL 56317 (U.S. Jan. 12, 2009) (No. 08-6624).

Evidence is relevant to punishment where it is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). The evidence that may be admitted in punishment "is a function of policy rather than a question of logical relevance," because "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." *Sunbury v. State*, 88 S.W.3d 229, 233–34 (Tex. Crim. App. 2002) (adding that one of the policy goals is to provide "complete information for the jury to tailor an appropriate sentence").

Under rule 403, however, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403; *see Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd) (explaining that unfair prejudice

5

"arises from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one"); *Woodward v. State*, 170 S.W.3d 726, 729 (Tex. App.—Waco 2005, pet. ref'd) (noting that "unfair prejudice" does not exist where the evidence merely "injures the opponent's case"). Therefore, under rule 403, we reverse a trial court's decision to admit evidence rarely and only after a clear abuse of discretion. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). Factors considered in our analysis of an issue regarding rule 403 are (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *See Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

**B. Analysis**

During the trial on punishment, and over Williams's objections, the State called Drzewiecki to the stand to testify about a murder that Williams had confessed to and been convicted of some twenty-five years earlier. Drzewiecki's testimony primarily focused on statements made by Williams to Drzewiecki during the murder investigation. Specifically, Williams had told Drzewiecki that he had had an argument with his girlfriend over her being

pregnant and that he had hit her multiple times, had attempted to strangle her with a scarf, and eventually had choked her to death with his bare hands.

Prior to Drzewiecki's testimony, however, Tanjeneka testified, without objection, that Williams had told her that he had previously been convicted for murdering a former girlfriend whom he believed to be pregnant. Although Tanjeneka did not go into as much detail as Drzewiecki, the majority of the information regarding the twenty-five-year-old murder was essentially the same. Therefore, because Williams failed to object each time the evidence was admitted, he has failed to preserve any error for our review. *Fuentes*, 991 S.W.2d 267, 273.

Even assuming the issue was properly preserved, we cannot conclude that the trial court abused its discretion by applying the presumption of admissibility under rule 403 and admitting Drzewiecki's testimony. *See* Tex. R. Evid. 403 (stating that to be excluded, the probative value of evidence must be substantially outweighed by the danger of unfair prejudice); *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).

The first of the four factors—the strength of the evidence to make a fact of consequence more or less probable—weighs strongly in favor of admissibility because the circumstances surrounding the twenty-five-year-old murder and those surrounding the present charge are very similar. Further, as to the

7

second and third factors, the State limited the information provided to the jury by having Drzewiecki briefly testify as to the facts surrounding the prior murder rather than offering Williams's detailed, written confession into evidence. Finally, Drzewiecki's testimony provided the jury with an understanding of Williams's prior history of violence towards women. *Erazo*, 144 S.W.3d at 489–90.

Therefore, for these reasons, we hold that the trial court did not abuse its discretion in admitting Drzewiecki's testimony and, accordingly, we overrule Williams's first point.

### V. Fifth Amendment Protection Against Self-Incrimination

In his second point, Williams argues that the trial court abused its discretion in admitting Drzewiecki's testimony because, as a result of the testimony, he was compelled to testify on his own behalf in violation of his Fifth Amendment rights.

### A. Applicable Law

It is fundamental that the State may not call the defendant as a witness, nor may the defendant be compelled to testify at trial and give evidence against himself. *Newton v. State*, 629 S.W.2d 206, 207 (Tex. App.—Dallas), *rev'd on other grounds*, 641 S.W.2d 530 (Tex. Crim. App. 1982); *Bryan v. State*, 837 S.W.2d 637, 643 (Tex. Crim. App. 1992). However, the defendant's Fifth

8

Amendment right may be waived as long as that waiver is knowingly, voluntarily, and intelligently made. *Bryan*, 837 S.W.2d at 643; *Brumfield v. State*, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969).

When the defendant voluntarily testifies before a jury, he is subject to the same rules that govern the direct and cross-examination of any other witness. *Bryan*, 837 S.W.2d at 643. He may therefore be "contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying, except where *there are overriding constitutional or statutory prohibitions."* *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981); *Bryan*, 837 S.W.2d at 643.

## B. Analysis

Here, Williams argues that because the trial court allowed Drzewiecki to testify, he had no choice but to sacrifice his right against self-incrimination in order to challenge the testimony. However, Williams's choice to present his version of the facts does not violate his Fifth Amendment rights. *See Soria v. State*, 933 S.W.2d 46, 57 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1253 (1997) (holding that no constitutional violation is presented by the fact that a defendant makes the difficult choice of whether to testify on his own behalf); *see also Harrison v. United States*, 392 U.S. 219, 222, 88 S. Ct. 2008,

9

2010 (1968) (holding that a defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him).

Furthermore, Williams's attorneys expressed on more than one occasion that it would be in his best interest not to testify. In fact, the following conversation between Williams and his attorneys on whether he should testify occurred on the record:

> [Williams's Attorney:] And after that we're at the point where the Defense would probably rest and before we rest we have to decide whether or not you want to want to [sic] testify. I'm telling you I think it's in your best interest not to testify.
>
> [Williams:] Yes.
>
> [Williams's Attorney:] You understand that?
>
> [Williams:] Yes, I do.
>
> [Williams's Attorney:] Okay. And I believe Mr. Rowe [Williams's other attorney] has also told you that he thinks that you should not take the stand?
>
> [Williams:] Yes, he has.
>
> [Williams's Attorney:] Okay. And that is still my advice. You understand that?
>
> [Williams:] I understand.

[Rowe:]  As is mine.

[Williams:]  Understood.

[Williams's Attorney:]  On the other hand, we can't keep you from taking the stand if you feel compelled to.

[Williams:]  I'm very compelled to.

[Williams's Attorney:]  That's what you want to do against our advice?

[Williams:]  Yes, I do.

[Williams's Attorney:]  And you understand you can change your mind at any time?

[Williams:]  Yes.

[Williams's Attorney:]  But that's something that you decided you want to do?

[Williams:]  Yes, I do.

Based on the record before us, we hold Williams knowingly, voluntarily, and intelligently took the stand on his own behalf and therefore effectively waived his protections against self-incrimination.  *See Mullane v. State*, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971) (holding that when a defendant takes the stand on his own behalf and is represented by counsel, courts presume that he does so voluntarily and with full knowledge of his rights); *Bryan*, 837 S.W.2d at 643.  Accordingly, we overrule Williams's second point.

11

## VI.  Conclusion

Having overruled both of Williams's points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 15, 2009